**<u>Exhibit 1</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**REBECCA KLUG,**

      **Plaintiff,**

**v.**

                                        **Civil Action No. 3:18-cv-00711**
                                        **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY BOARD**
**OF GOVERNORS, and**
**FARID B. MOZAFFARI, an individual,**

      **Defendants.**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT MARSHALL UNIVERSITY BOARD OF GOVERNORS

TO:    Marshall University Board of Governors
        c/o Perry W. Oxley, Esq./L.R. Sammons, III, Esq.
        Eric D. Salyers, Esq./David E. Rich, Esq.
        Oxley Rich Sammons
        Post Office Box 1704
        Huntington, WV 25718

        COMES NOW Plaintiff, by counsel, and respectfully propounds the following interrogatories and requests upon Defendant Marshall University Board of Governors "BOG" or "Defendant". In accordance with Rules 26, 33, 34 and 36 of the Rules of Civil Procedure, Plaintiff calls upon Defendant BOG to answer these interrogatories and requests within thirty (30) days of service hereof.

### INTERROGATORIES

        1.    Please identify, by name, address, telephone number, and job title, each person who is likely to have knowledge or information related to the facts and

circumstances alleged in the Complaint (or related to BOG's defenses to Plaintiff's allegations). For each such individual, please identify the subject(s) of such knowledge or information and state the substance of such knowledge or information.

**ANSWER:**

    2.    For each subject set forth in response to Interrogatory Number 1, *supra*, please identify and describe all documents, information, communications, data compilations and other tangible things that support, or otherwise reflect, the subjects or facts known to such individual(s).

**ANSWER:**

    3.    To the extent not set forth in answer to Interrogatory Number 2, *supra*, please state in detail each and every fact upon which BOG relies in support of its defense(s) and/or affirmative defenses BOG asserts in this case to the allegations in Plaintiff's Complaint, and identify any and all documents or other information that supports such defenses and/or affirmative defenses.

**ANSWER:**

    4.    Please identify and describe any additional documents, information, communications, data compilations and other tangible things that BOG believes would support a decision to discipline Plaintiff and/or terminate Plaintiff's residency with Marshall University School of Medicine that BOG discovered, or became aware of, either before or after the filing of this civil action.

**ANSWER:**

    5.    Please identify, by name, address, telephone number, and fields of expertise and qualifications, any and all persons whom you expect to call as an expert

witness at the trial of this action.   For each such expert witness, please also state the subject matter on which (s)he is expected to testify, including the substance of the facts and opinions to which each such expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

6.     Please identify, by name, address, telephone number, and job title, the person(s) responsible for implementing, and ensuring compliance with, the West Virginia Human Rights Act and/or Title IX on behalf of BOG.

**ANSWER:**

7.     Please identify, by name, address, telephone number, and gender, all individuals who have been demoted or terminated from the residency program at Marshall University School of Medicine from January 1, 2013 to the present.   For each such individual, please also provide the reason each such individual was demoted or terminated from the residency program.

**ANSWER:**

8.     Please provide a list of all persons in the surgical residency program for Defendant from 2013 to present.   For each person, please provide the person's gender and all ABS In-Training (ABSITE) scores.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.     Please produce copies of each and every document used, consulted, relied upon, or referred to in answering Plaintiff's:   (a) First Set of Interrogatories; and (b)

Complaint.

**RESPONSE:**

2.      If not produced in response to Request Number 1, *supra*, please produce copies of each and every document BOG was asked to identify in Plaintiff's First Set of Interrogatories.

**RESPONSE:**

3.      If not produced in response to Request Numbers 1 and 2, please produce each and every document or other tangible thing that you believe supports BOG's view of – or that contains any information relevant to – the facts or allegations underlying this civil action.

**RESPONSE:**

4.      Please produce communications related to: (a) the subject matter of this civil action; (b) Plaintiff; (c) Plaintiff's residency with Marshall University School of Medicine; (d) Plaintiff's medical leave; (e) Plaintiff's demotion and termination from the residency program at Marshall University School of Medicine; and (f) Plaintiff's complaints of unfair treatment. **This request specifically includes any and all e-mail correspondence** referencing in any manner the subject matter of this civil action or containing words depicting, mentioning, or referring to Plaintiff.

**RESPONSE:**

5.      Please produce each and every review, observation, evaluation, observance, rating, and/or testing conducted of Plaintiff at any time during her residency with Marshall University School of Medicine.

**RESPONSE:**

6.    Please produce the complete contents of Plaintiff's personnel file and all similar files.  By the phrase "personnel file and all similar files," Plaintiff means all documents kept by BOG or the Marshall University School of Medicine that refer to Plaintiff, including but not limited to all personnel records, discipline records, and all other documents kept by BOG or the Marshall University School of Medicine that are used, have been used, or could have been used relative to Plaintiff's qualifications to continue her residency, promotion, demotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, as well as any and all internal and confidential documents referring in any manner to Plaintiff.

**RESPONSE:**

7.    If any of Plaintiff's supervisors (or other of BOG's employees) kept a personnel file, medical file, or similar file (as defined in Request Number 6, *supra*), or kept an "unofficial" file with information regarding Plaintiff, please:  (a) identify who kept such file; (b) make available for inspection the original of such file; and (c) produce a copy of all documents contained in each such file (including a copy of the document container or file folder).

**RESPONSE:**

8.    Please produce the complete contents of Defendant Farid Mozaffari's personnel file and all similar files.  By the phrase "personnel file and all similar files," Plaintiff means all documents kept by BOG that refer to Defendant Mozaffari, including but not limited to all personnel records, discipline records, and all other documents kept by BOG that are used, have been used, or could have been used relative to Defendant Mozaffari's qualifications for employment, promotion, transfer, additional compensation,

increase or decrease in grade level, disciplinary action, training, qualifications, applications, performance reviews, as well as any and all internal and confidential documents referring in any manner to Defendant Mozaffari.

**RESPONSE:**

9.     If any of Defendant Mozaffari's supervisors (or other of Defendant's employees) kept a personnel file, medical file, or similar file (as defined, *supra*), or kept an "unofficial" file with information regarding Defendant Mozaffari, please: (a) identify who kept such file; (b) make available for inspection the original of such file; and (c) produce a copy of all documents contained in each such file (including a copy of the document container or file folder).]

**RESPONSE:**

10.    Please produce the complete contents of the personnel files and all similar files for all Surgical Residents for the years 2013 to 2016.  By the phrase "personnel file and all similar files," Plaintiff means all documents kept by BOG that refer to the Surgical Residents, including but not limited to all personnel records, discipline records, and all other documents kept by BOG that are used, have been used, or could have been used relative to the Surgical Residents' qualifications for employment, promotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, training, qualifications, applications, performance reviews, as well as any and all internal and confidential documents referring in any manner to the Surgical Residents for the years 2013 to 2016.

**RESPONSE:**

6

11.     If any of the Surgical Residents' supervisors (or other of Defendant's employees) kept a personnel file, medical file, or similar file (as defined, *supra*), or kept an "unofficial" file with information regarding the Surgical Residents, please: (a) identify who kept such file; (b) make available for inspection the original of such file; and (c) produce a copy of all documents contained in each such file (including a copy of the document container or file folder).]

**RESPONSE:**

12.     To the extent not already provided, please produce copies of any and all documents relating to Plaintiff's residency with Defendant including, but not limited to, W-2 forms, awards, promotions, salary, bonuses, investigations, medical information, leave slips, notes, and schedules

**RESPONSE:**

13.     Please produce copies of any and all personnel policies, employment manuals, personnel or employee handbooks and/or similar documents utilized by Defendant from January 1, 2013, to the present.

**RESPONSE:**

14.     Please produce copies of any additional personnel policies, guidelines, memoranda, or similar documents dealing specifically with the subjects of workplace discrimination, sex discrimination, disability discrimination, and/or Title IX.

**RESPONSE:**

15.     To the extent not already produced, please produce any and all documents, including, but not limited to, job descriptions, memoranda, notes of meetings and/or minutes of meetings, regarding Plaintiff's residency, absences, medical leave, job

performance, and/or complaints.

**RESPONSE:**

16.    Please produce all documents or other tangible things that relate, refer, or pertain to, or identify or constitute, any report, study, paper, article, book or other document, prepared by, referred to or relied upon by BOG, or an expert witness on BOG's behalf, and which BOG intends to, or may, use at trial in this case, or which BOG otherwise relies upon to support the defense of this case or to use in any other manner at the trial of this case.

**RESPONSE:**

17.    If any proposed expert witnesses have rendered a written report, please produce a copy of each and every such report – including drafts and revisions. Also, please produce all correspondence, memoranda, emails, or similar communications between you (and/or your counsel) and the proposed expert witnesses.

**RESPONSE:**

18.    To the extent not previously produced, please produce all documents or other tangible things that BOG intends to, or may, introduce into evidence at trial in this case.

**RESPONSE:**

19.    To the extent not previously produced, please produce all documents or other tangible things that support any of the defenses raised by BOG in this case.

**RESPONSE:**

20.    Please produce any and all documents evidencing benefits that you provided to Plaintiff during her residency with Marshall University School of Medicine –

including, but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, health insurance, retirement benefits, life insurance and similar programs.

**RESPONSE:**

21.    Please produce documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against BOG (including any of its employees) concerning workplace discrimination (including, but not limited to, disability and/or sex discrimination), an alleged violation of the West Virginia Human Rights Act, the Americans with Disabilities Act, Title VII, Title IX, and/or retaliation from January 1, 2009, to the present.  For each such charge or complaint, please:  (a) provide the date made or filed; (b) "identify" the Plaintiff/Complainant; (c) state the nature of the forum (i.e., West Virginia Human Rights Commission, other state human rights commission, EEOC, state court, federal court, grievance board, arbitral forum, informal, or similar entity); (d) identification number (i.e., civil action number, case number, etc.); and (e) final disposition and resolution.  This request does not include charges or complaints filed by Plaintiff.

**RESPONSE:**

22.    Please produce documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against Marshall University (including

9

any of its employees) concerning sex discrimination by students, residents, physicians, and/or other employees from January 1, 2009, to the present. For each such charge or complaint, please: (a) provide the date made or filed; (b) "identify" the Plaintiff/Complainant; (c) state the nature of the forum (i.e., West Virginia Human Rights Commission, other state human rights commission, EEOC, state court, federal court, grievance board, arbitral forum, informal, or similar entity); (d) identification number (i.e., civil action number, case number, etc.); and (e) final disposition and resolution.

**RESPONSE:**

23.     Please produce a copy of any insurance policy(ies) or agreement(s) under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment in this case, or to indemnify or reimburse for payments made to satisfy the judgment. This request specifically seeks any and all documents related to such coverage – including, but not limited to, reservation of rights letter(s) and declarations page(s).

**RESPONSE:**

24.     Please produce the Surgical Resident Evaluations for all medical residents from January 1, 2013, to the present.

**RESPONSE:**

25.     Please produce documents reflecting the ABSITE scores for all medical residents from January 1, 2013, to the present.

**RESPONSE:**

26.     Please produce all log-in and log-out data (dates and times) and/or reports showing such log-in and log-out data for Plaintiff, user "rk519700" from July 1, 2013 to June 30, 2016.

**RESPONSE:**

27.    Please produce all schedule emails from Donna Webb identifying which residents worked, the location, job title, and the like, from January 1, 2013 to December 31, 2016.

**RESPONSE:**

28.    Please produce all accreditation reports and ASGME site visits, including ASGME evaluations and the results of each site visit, from 2012 to 2016.

**RESPONSE:**

29.    Please produce all documents, reports, records, and/or notes reflecting the search history from the VA computers in the surgical resident call room from January 1, 2013 to the present, including any reports, notes, records, or investigations about pornography found on such computers.

**RESPONSE:**

Respectfully submitted,

**REBECCA KLUG**
Plaintiff
By Counsel

Kristina Thomas Whiteaker (State Bar No. 9434)
David Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP, PLLC
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**REBECCA KLUG,**

      **Plaintiff,**

**v.**
                                           **Civil Action No. 3:18-cv-00711**
                                           **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY**
**JOAN C. EDWARDS SCHOOL**
**OF MEDICINE, MARSHALL**
**UNIVERSITY BOARD OF GOVERNORS,**
**and FARID B. MOZAFFARI, an individual,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      I, Kristina Thomas Whiteaker, counsel for Plaintiff, do hereby certify that I have this 28th day of May, 2019, electronically filed this certificate with the Clerk of the Court using the CM/ECF system confirming service of *Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things to Defendant Marshall University Board of Governors* upon counsel of record, via United States mail, as follows:

Perry W. Oxley, Esq./L.R. Sammons, III, Esq.
Eric D. Salyers, Esq./David E. Rich, Esq.
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV  25718

s/ Kristina Thomas Whiteaker

Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP, PLLC
1114 Kanawha Boulevard, East
Charleston, WV  25301
304-345-3356 (telephone)
304-345-3355 (facsimile)