**<u>Exhibit 2</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**REBECCA KLUG,**

      **Plaintiff,**

v.                                        **Civil Action No.: 3:18-CV-00711**
                                                   **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS,**
**and FARID B. MOZAFFARI, an individual,**

      **Defendants.**

**DEFENDANT MARSHALL UNIVERSITY BOARD OF GOVERNORS'**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Marshall University Board of Governors ("Marshall University"), by counsel, Perry W. Oxley, David E. Rich, Eric D. Salyers, and the law firm of Oxley Rich Sammons, hereby submit the following Defendant Marshall University Board of Governors' Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, pursuant to the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1.     The Defendant objects to the Interrogatories and Document Requests to the extent they call for the disclosure of information that is insulated from disclosure by the attorney-client and/or work-product privileges. This objection is incorporated into every individual response set forth below, even if not specifically referenced therein.

1

2.      The Defendant objects to the Interrogatories and Document Requests to the extent they contain individual interrogatories, requests for admissions, and document requests that are overly broad or unduly burdensome.

3.      The Defendant objects to the Interrogatories and Document Requests to the extent they contain individual interrogatories, requests for admissions, and requests that are not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.      The Defendant objects to the Interrogatories and Document Requests to the extent they contain individual interrogatories, requests for admissions, and requests that are vague or ambiguous.

5.      The Defendant objects to the Interrogatories and Document Requests as premature to the extent they call for the disclosure of information that is the subject of ongoing discovery in this case.  The responses set forth below cannot be definitive and complete until discovery is complete.  The Defendant will supplement her responses to the Interrogatories and Document Requests once the parties have completed discovery.

6.      The Defendant objects to the Interrogatories and Document Requests to the extent they are not limited as to time.  This objection is incorporated into every individual response set forth below, even if not specifically referenced therein.

7.      The Defendant objects to the Interrogatories and Document Requests to the extent they seek information outside of their possession, custody or control.

8.      The Defendant objects to the Interrogatories and Document Requests to the extent they call for the production of information that is publicly available and equally accessible to all parties.  This objection is incorporated into every individual response set forth below, even if not specifically referenced therein.

9.      The Defendant objects to the Interrogatories to the extent, including their subparts, they exceed the total amount of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33. This objection is incorporated into every individual response set forth below, even if not specifically referenced therein.

10.      The Defendant reserves the right to supplement these Responses should additional responsive information become available.

11.      These responses and objections are made to the best of the Defendant's present knowledge, information and belief. Said responses and objections are at all times subject to such additional or different information and/or documents that discovery or further investigation may disclose and, while based on the present state of its recollection, are subject to the refreshing of such recollection, and such additional knowledge of facts, as may result from its further discovery or investigation. Therefore, the Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the date of this Response.

12.      Any statements set forth below indicating the Defendant's willingness to produce certain documents in response to particular requests should not be viewed as an admission that such documents exist.

13.      The Defendant objects to any and all of the Plaintiff's interrogatories and requests for production of documents that seek information that is shielded from disclosure or production under the Family Educational Rights and Privacy Act of 1974.

14.      The Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility of evidence for trial.

## RESPONSES TO INTERROGATORIES

1.    Please identify, by name, address, telephone number, and job title, each person who is likely to have knowledge or information related to the facts and circumstances alleged in the Complaint (or related to BOG's defenses to Plaintiff's allegations). For each such individual, please identify the subject(s) of such knowledge or information and state the substance of such knowledge or information.

**ANSWER:**

    1.    **Dr. Rebecca Klug**
**c/o Attorney Whiteaker**
**Grubb Law Group**
**1114 Kanawha Boulevard East**
**Charleston, WV 25301**
**(304) 982-7755**

    2.    **Dr. Farid Mozaffari**
**c/o Oxley Rich Sammons**

        **Dr. Mozaffari has information concerning Plaintiff's residency.**

    3.    **Marco Yung, MD**
**CHI Saint Joseph Medical Group**
**1406 West 5th Street, Suite 301**
**London, KY 40741**

        **Dr. Yung has information concerning allegations in Plaintiff's Complaint.**

    4.    **Donna Webb**
**Surgery Residency Program Administrator**
**Marshall University – Joan C. Edwards School of Medicine**
**1600 Medical Center Drive**
**Huntington, WV 25701**

        **Ms. Webb has information concerning allegations in Plaintiff's Complaint.**

    5.    **Amanda K. Arrington, MD**
**1400 Hal Greer Boulevard**
**Huntington, WV 25701**

                      Dr. Arrigton likely has information concerning allegations in Plaintiff's Complaint.

6.       Ekong E. Uffort, MD
          13920 Osprey Court, Ste. C
          Webster, TX 77598

          Dr. Uffort likely has information concerning allegations in Plaintiff's Complaint.

7.       Juan Sanabria, MD, MSc, FRCSC, FACS
          Marshall University Medical Center
          1600 Medical Center Drive
          Huntington, WV 25701

          Dr. Sanabria likely has information concerning allegations in Plaintiff's Complaint.

8.       Joseph I. Shapiro, M.D.
          Joan C. Edwards School of Medicine
          Marshall University
          1600 Medical Center Drive
          Huntington, WV 25701

          Dr. Shaprio has information concerning allegations in Plaintiff's Complaint.

9.       Paulette S. Wehner, MD
          1249 15th St # 4000
          Huntington, WV 25701

          Dr. Wehner has information concerning allegations in Plaintiff's Complaint.

10.      Amy M. Bair, M.D.
          Marshall University Medical Center
          1600 Medical Center Drive
          Huntington, WV  25701

          Dr. Bair likley has information concerning allegations in Plaintiff's Complaint.

11.      Nan Zhang, M.D.
          510 Butler Avenue
          Martinsburg, WV

Dr. Zhang likely has information concerning allegations in Plaintiff's Complaint.

12.    Kamran Abolmaali, M.D.
       North Atlanta Plastic Surgery Group
       11975 Morris Road, Suite 220
       Alpharetta, GA  30005

       Dr. Abolmaali likely has information concerning allegations in Plaintiff's Complaint.

13.    Kevin Conaway, MD

       Dr. Conaway likely has information concerning Plaintiff's grievance.

14.    David A. Denning, MD

       Dr. Denning likely has information concerning Plaintiff's grievance.

15.    Curtis Harrison, MD

       Dr. Harrison likely has information concerning Plaintiff's grievance.

16.    Dustin Robinson, MD

       Dr. Robinson likely has information concerning Plaintiff's grievance.

17.    Paul Brown, MD

       Dr. Brown likely has information concerning Plaintiff's grievance.

18.    John Walker, MD

       Dr. Walker likely has information concerning Plaintiff's grievance.

19.    Errington Thompson, MD

       Dr. Thompson likely has information concerning Plaintiff's grievance.

20.    Crystal Tolley

       Ms. Tolley likely has information concerning Plaintiff's grievance.

21.    Gary Patton, PhD

       Dr. Patton likely has information concerning Plaintiff's mental state.

2.      For each subject set forth in response to Interrogatory Number 1, *supra*, please identify and describe all documents, information, communications, data compilations and other tangible things that support, or otherwise reflect, the subjects or facts known to such individual(s).

**ANSWER: Plaintiff's Department of Surgery Employee File, Plaintiff's Central Administration Employee File, and various correspondence related to Plaintiff's residency.**

3.      To the extent not set forth in answer to Interrogatory Number 2, *supra*, please state in detail each and every fact upon which BOG relies in support of its defense(s) and/or affirmative defenses BOG asserts in this case to the allegations in Plaintiff's Complaint, and identify any and all documents or other information that supports such defenses and/or affirmative defenses.

**ANSWER: Objection. This Interrogatory is premature as discovery is ongoing. Without waiving said objection, this Defendant intends to rely on information learned from the witnesses listed above and the documents produced in discovery. As the Defendant's affirmative defenses develop, this Answer will be supplemented.**

4.      Please identify and describe any additional documents, information, communications, data compilations and other tangible things that BOG believes would support a decision to discipline Plaintiff and/or terminate Plaintiff's residency with Marshall University School of Medicine that BOG discovered, or became aware of, either before or after the filing of this civil action.

**ANSWER: Objection. This Interrogatory is premature as discovery is ongoing. Without waiving said objection, this Defendant intends to rely on information learned from the witnesses listed above and the documents produced in discovery.**

5.     Please identify, by name, address, telephone number, and fields of expertise and qualifications, any and all persons whom you expect to call as an expert witness at the trial of this action. For each such expert witness, please also state the subject matter on which (s)he is expected to testify, including the substance of the facts and opinions to which each such expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER: Objection. This Interrogatory is premature. The Defendant will disclose expert witnesses in accordance with this Court's Scheduling Order.**

6.     Please identify, by name, address, telephone number, and job title, the person(s) responsible for implementing, and ensuring compliance with, the West Virginia Human Rights Act and/or Title IX on behalf of BOG.

**ANSWER:     Marshall University's Title IX Coordinator is Debra Hart, 206 Old Main, Huntington, WV 25755, (304) 696-2597.**

7.     Please identify, by name, address, telephone number, and gender, all individuals who have been demoted or terminated from the residency program at Marshall University School of Medicine from January 1, 2013 to the present. For each such individual, please also provide the reason each such individual was demoted or terminated from the residency program.

**ANSWER: Objection. The Defendant objects on the basis that disclosure of the information sought by this Interrogatory violates the Family Educational Rights and Privacy Act of 1974. Without releases or authorizations from any and all individuals that may be revealed in information requested by this Interrogatory, the Defendant is not permitted to provide said information. The Defendant further objects to this Interrogatory because it seeks**

information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Interrogatory because it is overly broad and unduly burdensome.

8.      Please provide a list of all persons in the surgical residency program for Defendant from 2013 to present.  For each person, please provide the person's gender and all ABS In-Training (ABSITE) scores.

**ANSWER: Objection.  The Defendant objects on the basis that disclosure of the information sought by this Interrogatory violates the Family Educational Rights and Privacy Act of 1974. Without releases or authorizations from any and all individuals that may be revealed in information requested by this Interrogatory, the Defendant is not permitted to provide said information. The Defendant further objects to this Interrogatory because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Interrogatory because it is overly broad and unduly burdensome.**

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Please produce copies of each and every document used, consulted, relied upon, or referred to in answering Plaintiff's: (a) First Set of Interrogatories; and (b) Complaint.

**RESPONSE: See attached Exhibits.**

2.      If not produced in response to Request Number 1, *supra*, please produce copies of each and every document BOG was asked to identify in Plaintiff's First Set of Interrogatories.

**RESPONSE: See attached Exhibits.**

3.      If not produced in response to Request Numbers 1 and 2, please produce each and every document or other tangible thing that you believe supports BOG's view of -- or that contains any information relevant to -- the facts or allegations underlying this civil action.

**RESPONSE: See attached Exhibits.**

4.      Please produce communications related to: (a) the subject matter of this civil action; (b) Plaintiff; (c) Plaintiff's residency with Marshall University School of Medicine; (d) Plaintiff's medical leave; (e) Plaintiff's demotion and termination from the residency program at Marshall University School of Medicine; and (f) Plaintiff's complaints of unfair treatment.  **This request specifically includes any and all e-mail correspondence** referencing in any manner the subject matter of this civil action or containing words depicting, mentioning, or referring to Plaintiff.

**RESPONSE: See attached Exhibit C.**

5.      Please produce each and every review, observation, evaluation, observance, rating, and/or testing conducted of Plaintiff at any time during her residency with Marshall University School of Medicine.

**RESPONSE: See attached Exhibit A.**

6.    Please produce the complete contents of Plaintiff's personnel file and all similar files. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by BOG or the Marshall University School of Medicine that refer to Plaintiff, including but not limited to all personnel records, discipline records, and all other documents kept by BOG or the Marshall University School of Medicine that are used, have been used, or could have been used relative to Plaintiff's qualifications to continue her residency, promotion, demotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, as well as any and all internal and confidential documents referring in any manner to Plaintiff.

**RESPONSE**: **See attached Exhibits A and B.**

7.    If any of Plaintiff's supervisors (or other of BOG's employees) kept a personnel file, medical file, or similar file (as defined in Request Number 6, *supra*), or kept an "unofficial" file with information regarding Plaintiff, please: (a) identify who kept such file; (b) make available for inspection the original of such file; and (c) produce a copy of all documents contained in each such file (including a copy of the document container or file folder).

**RESPONSE**: **Upon information and belief, no such "unofficial file" exists.**

8.    Please produce the complete contents of Defendant Farid Mozaffari's personnel file and all similar files. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by BOG that refer to Defendant Mozaffari, including but not limited to all personnel records, discipline records, and all other documents kept by BOG that are used, have been used, or could have been used relative to Defendant Mozaffari's qualifications for employment, promotion, transfer, additional compensation, increase or decrease in grade level,

disciplinary action, training, qualifications, applications, performance reviews, as well as any and all internal and confidential documents referring in any manner to Defendant Mozaffari.

**RESPONSE: Objection. The Defendant objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome. Dr. Mozaffari's personnel file in no way provides any relevant information related to the Plaintiff's allegations.**

9. If any of Defendant Mozaffari's supervisors (or other of Defendant's employees) kept a personnel file, medical file, or similar file (as defined, *supra*), or kept an "unofficial" file with information regarding Defendant Mozaffari, please: (a) identify who kept such file; (b) make available for inspection the original of such file; and (c) produce a copy of all documents contained in each such file (including a copy of the document container or file folder).]

**RESPONSE: Objection. The Defendant objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome. Dr. Mozaffari's personnel file in no way provides any relevant information related to the Plaintiff's allegations.**

10. Please produce the complete contents of the personnel files and all similar files for all Surgical Residents for the years 2013 to 2016. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by BOG that refer to the Surgical Residents, including but not limited to all personnel records, discipline records, and all other documents kept by BOG

that are used, have been used, or could have been used relative to the Surgical Residents'
qualifications for employment, promotion, transfer, additional compensation, increase or decrease
in grade level, disciplinary action, training, qualifications, applications, performance reviews, as
well as any and all internal and confidential documents referring in any manner to the Surgical
Residents for the years 2013 to 2016.

**RESPONSE: Objection. The Defendant objects on the basis that disclosure of the documents
sought by this Request violates the Family Educational Rights and Privacy Act of 1974.
Without releases or authorizations from any and all individuals that may be revealed in
documents requested by this Request, the Defendant is not permitted to release said
information. The Defendant further objects to this Request because it seeks information
beyond the scope of permissible discovery and is not reasonably calculated to lead to the
discovery of admissible evidence. The Defendant further objects to this Request because it is
overly broad and unduly burdensome.**


11. If any of the Surgical Residents' supervisors (or other of Defendant's employees) kept
a personnel file, medical file, or similar file (as defined, supra), or kept an "unofficial" file with
information regarding the Surgical Residents, please:  (a) identify who kept such file; (b) make
available for inspection the original of such file; and (c) produce a copy of all documents contained
in each such file (including a copy of the document container or file folder).

**RESPONSE: Objection. The Defendant objects on the basis that disclosure of the documents
sought by this Request violates the Family Educational Rights and Privacy Act of 1974.
Without releases or authorizations from any and all individuals that may be revealed in
documents requested by this Request, the Defendant is not permitted to release said**

**information. The Defendant further objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.**

12.     To the extent not already provided, please produce copies of any and all documents relating to Plaintiff's residency with Defendant including, but not limited to, W-2 forms, awards, promotions, salary, bonuses, investigations, medical information, leave slips, notes, and schedules.

**RESPONSE: See attached Exhibits.**

13.     Please produce copies of any and all personnel policies, employment manuals, personnel or employee handbooks and/or similar documents utilized by Defendant from January 1, 2013, to the present.

**RESPONSE: See attached Exhibit D.**

14.     Please produce copies of any additional personnel policies, guidelines, memoranda, or similar documents dealing specifically with the subjects of workplace discrimination, sex discrimination, disability discrimination, and/or Title IX.

**RESPONSE: See attached Exhibit D.**

15.     To the extent not already produced, please produce any and all documents, including, but not limited to, job descriptions, memoranda, notes of meetings and/or minutes of meetings, regarding Plaintiff's residency, absences, medical leave, job performance, and/or

complaints.

**RESPONSE: See attached Exhibits.**

16.     Please produce all documents or other tangible things that relate, refer, or pertain to, or identify or constitute, any report, study, paper, article, book or other document, prepared by, referred to or relied upon by BOG, or an expert witness on BOG's behalf, and which BOG intends to, or may, use at trial in this case, or which BOG otherwise relies upon to support the defense of this case or to use in any other manner at the trial of this case.

**RESPONSE: See attached Exhibits.**

17.     If any proposed expert witnesses have rendered a written report, please produce a copy of each and every such report – including drafts and revisions.  Also, please produce all correspondence, memoranda, emails, or similar communications between you (and/or your counsel) and the proposed expert witnesses.

**RESPONSE: Objection. The Defendant has not yet named an expert in this matter.**

18.     To the extent not previously produced, please produce all documents or other tangible things that BOG intends to, or may, introduce into evidence at trial in this case.

**RESPONSE: See attached Exhibits.**

19.     To the extent not previously produced, please produce all documents or other tangible things that support any of the defenses raised by BOG in this case.

**RESPONSE: See attached Exhibits.**

20.     Please produce any and all documents evidencing benefits that you provided to Plaintiff during her residency with Marshall University School of Medicine – including, but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, health insurance, retirement benefits, life insurance and similar programs.

**RESPONSE: See attached Exhibit B.**


21.     Please produce documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against BOG (including any of its employees) concerning workplace discrimination (including, but not limited to, disability and/or sex discrimination), an alleged violation of the West Virginia Human Rights Act, the Americans with Disabilities Act, Title VII, Title IX, and/or retaliation from January 1, 2009, to the present.  For each such charge or complaint, please:  (a) provide the date made or filed; (b) "identify" the Plaintiff/Complainant; (c) state the nature of the forum (i.e., West Virginia Human Rights Commission, other state human rights commission, EEOC, state court, federal court, grievance board, arbitral forum, informal, or similar entity); (d) identification number (i.e., civil action number, case number, etc.); and (e) final disposition and resolution.  This request does not include charges or complaints filed by Plaintiff.

**RESPONSE: Objection.  The Defendant objects on the basis that disclosure of the documents sought by this Request violates the Family Educational Rights and Privacy Act of 1974 and/or employees right to privacy.  Without releases or authorizations from any and all individuals that may be revealed in documents requested by this Request, the Defendant is**

not permitted to release said information. The Defendant further objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.

22.     Please produce documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against Marshall University (including any of its employees) concerning sex discrimination by students, residents, physicians, and/or other employees from January 1, 2009, to the present.  For each such charge or complaint, please: (a) provide the date made or filed; (b) "identify" the Plaintiff/Complainant; (c) state the nature of the forum (i.e., West Virginia Human Rights Commission, other state human rights commission, EEOC, state court, federal court, grievance board, arbitral forum, informal, or similar entity); (d) identification number (i.e., civil action number, case number, etc.); and (e) final disposition and resolution.

**RESPONSE:** Objection.  The Defendant objects on the basis that disclosure of the documents sought by this Request violates the Family Educational Rights and Privacy Act of 1974 and/or employees right to privacy.  Without releases or authorizations from any and all individuals that may be revealed in documents requested by this Request, the Defendant is not permitted to release said information. The Defendant further objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.

23.    Please produce a copy of any insurance policy(ies) or agreement(s) under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment in this case, or to indemnify or reimburse for payments made to satisfy the judgment. This request specifically seeks any and all documents related to such coverage – including, but not limited to, reservation of rights letter(s) and declarations page(s).

**RESPONSE: See attached Exhibit E.**

24.    Please produce the Surgical Resident Evaluations for all medical residents from January 1, 2013, to the present.

**RESPONSE: Objection. The Defendant objects on the basis that disclosure of the documents sought by this Request violates the Family Educational Rights and Privacy Act of 1974. Without releases or authorizations from any and all individuals that may be revealed in documents requested by this Request, the Defendant is not permitted to release said information. The Defendant further objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.**

25.    Please produce documents reflecting the ABSITE scores for all medical residents from January 1, 2013, to the present.

**RESPONSE: Objection. The Defendant objects on the basis that disclosure of the documents sought by this Request violates the Family Educational Rights and Privacy Act of 1974. Without releases or authorizations from any and all individuals that may be revealed in**

documents requested by this Request, the Defendant is not permitted to release said information. The Defendant further objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.

26.     Please produce all log-in and log-out data (dates and times) and/or reports showing such log-in and log-out data for Plaintiff, user "rk519700" from July 1, 2013 to June 30, 2016.

**RESPONSE: The Defendant is attempting to collect this information and will supplement this Response.**

27.     Please produce all schedule emails from Donna Webb identifying which residents worked, the location, job title, and the like, from January 1, 2013 to December 31, 2016.

**RESPONSE: Objection. The Defendant objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.**

28.     Please produce all accreditation reports and ASGME site visits, including ASGME evaluations and the results of each site visit, from 2012 to 2016.

**RESPONSE: Objection. The Defendant objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is**

19

overly broad and unduly burdensome.

29.     Please produce all documents, reports, records, and/or notes reflecting the search history from the VA computers in the surgical resident call room from January 1, 2013 to the present, including any reports, notes, records, or investigations about pornography found on such computers.

**RESPONSE: Objection.  The Defendant objects to this Request because it seeks information beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request because it is overly broad and unduly burdensome.**

**MARSHALL UNIVERSITY BOARD OF GOVERNORS,**

**By Counsel,**

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Oxley Rich Sammons
517 9th Street, Suite 1000
Huntington WV 25701
304-522-1138
304-522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**REBECCA KLUG,**

      **Plaintiff,**

v.                                    **Civil Action No.: 3:18-CV-00711
                                      Judge Robert C. Chambers**

**MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
and FARID B. MOZAFFARI, an individual,**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Marshall University Board of Governors, served the foregoing "*Defendant Marshall University Board of Governors' Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents*" by electronically filing a true copy of the same with the Clerk of the Court using the CM/ECF system on this **27**th day of **June, 2019.**

Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301
*Counsel for Plaintiff, Rebecca Klug*

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB # 13042)

21