**Exhibit 3**

# THE GRUBB LAW GROUP, PLLC
ATTORNEYS AT LAW
1114 KANAWHA BOULEVARD, EAST
CHARLESTON, WEST VIRGINIA 25301

KRISTINA THOMAS WHITEAKER
DAVID L. GRUBB

APRIL ROMACA WHITE, PARALEGAL
AMANDA MCMILLEN, LEGAL ASSISTANT

TELEPHONE 304-345-3356
FACSIMILE 304-345-3355

WWW.GRUBBLAWGROUP.COM
KWHITEAKER@GRUBBLAWGROUP.COM

Eric D. Salyers, Esquire
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV 25718

July 5, 2019
*VIA FACSIMILE & U. S. MAIL*

Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
Civil Action No. 3:18-cv-00711 (Judge Chambers)

Dear Mr. Salyers:

I have reviewed Marshall University BOG's answers and responses to Plaintiff's first set of written discovery. Unfortunately, I believe that there are numerous deficiencies.

First, I would like to address your "GENERAL OBJECTIONS," which purport to object to each interrogatory or request "to the extent" that they seek "information that is insulated from disclosure by the attorney-client and/or work-product privileges;" "to the extent that they contain individual interrogatories, requests for admissions, and document requests that are overly broad or unduly burdensome;" "to the extent that they contain individual interrogatories, requests for admissions, and document requests that are not reasonably calculated to lead to the discovery of relevant or admissible evidence;" "to the extent that they contain individual interrogatories, requests for admissions, and document requests that are vague or ambiguous;" "that they are not limited as to time;" "to the extent they seek information outside of their possession, custody or control;" and "to the extent [ ] they exceed the total amount of interrogatories permitted [ ]." The problem, of course, is that such general objections do not provide me, or the Court, with any idea regarding which ones, if any, apply to a specific interrogatory or request. In this context, the Federal Rules of Civil Procedure clearly state that the "grounds for objecting to an interrogatory shall be stated with specificity." F.R.C.P., Rule 33(b)(4). *See also Starlight Intl., Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D.Kan. 1998) (stating "[t]he court has disapproved the practice of asserting a general objection to the extent it may apply to particular requests for discovery"); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 1998 U.S. Dist. LEXIS 6726, *5 (D. Kan. 1998) (explaining "[g]eneral objections are worthless for anything beyond delay of the discovery"); *In re Folding Carton, Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) (holding "[o]bjections to interrogatories must be specific and be supported by a detailed explanation why the interrogatories are improper"); *Wolf v. United Air Lines, Inc.*, 9 F.R.D. 271,

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
July 5, 2019
Page 2

273 (M.D. Pa. 1949) (stating "[g]eneral objections to interrogatories are improper and without merit").

Based on the foregoing, I believe that your client's general objections are insufficient as a matter of law. As such, I further believe that your client has waived any legitimate objections that it may have had to Plaintiffs' written discovery.

That said, and turning to your client's specific answers and responses, my additional concerns are as follows:

1. <u>Interrogatory Number 3</u>: This interrogatory seeks each and every fact upon which your client relies in support of its defenses and/or affirmative defenses to the allegations in Plaintiff's Complaint. It also asks your client to identify any and all documents or other information that supports such defenses and/or affirmative defenses. In response, your client objected by stating that the interrogatory was "premature as discovery is ongoing." Then, "[w]ithout waiving said objection," your client vaguely stated that it "intends to rely on information learned from the witnesses listed above and the documents produced in discovery. As the Defendants' affirmative defenses develop, this Answer will be supplemented." First, "premature" is not a proper objection to a discovery request. Second, your client has a duty to make a reasonably diligent search to obtain the information requested. Has it done so? Surely your client can provide at least some of the information requested to the extent of its current knowledge. Your client has had ample time to consider its defenses and Plaintiff is entitled to discover the bases for those defenses.

2. <u>Interrogatory Numbers 7 and 8, and Request for Production Numbers 10, 11, 21, 22, 24, and 25</u>: In response to these interrogatories and requests, your client responded by stating that they were "not reasonably calculated to lead to the discovery of admissible evidence" and were "overly broad and unduly burdensome." Your client also objected by citing the Family Educational Rights and Privacy Act of 1974 ("FERPA") and stated that "[w]ithout releases or authorizations from any and all individuals that may be revealed in information requested by this Interrogatory, the Defendant is not permitted to provide said information."

First, in regard to your claim of undue burden, the party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence. *Tucker v. OHTSU Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D. Md. 2000), citing *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997). A conclusory assertion of burden and expense is not enough. *See Coker*, 177 F.R.D. at 686.

Second, as noted at the beginning of this letter, such general objections are improper and are tantamount to no objections at all. *See Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Third, FERPA does not prohibit the production of relevant records in the context of Plaintiff's discrimination claims. *Doe v. Rensselaer Polytechnic Inst.*, 18-cv-1013 (MAD/DJS) (N.D.N.Y. Aug. 29, 2018). *See also Ragusa v. Malverne Union Free School Dist.*, 549 F.Supp.2d 288 (E.D.N.Y. 2008); *Craig v. Yale Univ. Sch. of Med.*, 3:10-cv-1600 (JBA) (D.Conn. May 4, 2012); *Jun Yu v. Idaho State Univ.*, 4:15-cv-00430-REB (D. Idaho Mar. 27, 2017).

In this regard, Plaintiff believes that the information and documents are directly relevant and necessary for her to prove her claim of discriminatory treatment. Accordingly, the benefit of producing such information and documents outweighs the individuals' privacy interests. In addition, Plaintiff is willing to enter into a protective order to protect the privacy rights of the individuals. Therefore, please advise if your client is willing to produce the information and documents requested and if it will agree to use the Protective Order form provided on the Court's website.

3. <u>Request for Production Numbers 8 and 9</u>: These requests seek the personnel file and any unofficial file for Defendant Mozaffari. Your client objected by stating that the requests were "beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence" and that the requests were "overly broad and unduly burdensome." Your client further stated that his "personnel file in no way provides any relevant information related to the Plaintiff's allegations." However, this information is relevant to Defendant Mozaffari's training, work history, other complaints, and disciplinary record. Please feel free to redact any personal information such as social security numbers and/or medical information. Also, Rule 26 of the Federal Rules of Civil Procedure creates a burden on the party refusing to answer discovery to demonstrate "good cause" for such refusal. Indeed, this "good cause" requirement mandates that a party make a "particular factual demonstration of potential harm, [and] not [rely] on conclusory statements." *Anderson v. Cryovac*, 805 F.2d 1, 7 (1st Cir. 1986) (citing 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §2035 at 264-65 (1970)). *See also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995) ("[b]road allegations of harm, unsupported by specific examples," do not satisfy the good cause standard); *Cipollone v. Liggett Group*, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted). These documents are routinely ordered to be produced in similar cases. Therefore, please supplement your client's prior responses with the information requested.

4. <u>Request for Production Number 12</u>: This request seeks a copy of any and all documents relating to Plaintiff's residency with Defendant, including, but not limited to W-2 forms, awards, promotions, salary, bonuses, investigations, medical information, leave slips, notes, and schedules. In response, your client stated "[s]ee attached Exhibits." However, I was unable to locate any paystubs or W-2 forms. Therefore, please direct me to the documents responsive or supplement with those documents.

5. <u>Request for Production Number 14</u>: This request seeks a copy of any additional personnel policies, guidelines, memoranda, or similar documents dealing specifically with the

subjects of workplace discrimination, sex discrimination, disability discrimination, and/or Title IX. In response, your client referred to Exhibit D. However, from my review of that Exhibit, I was unable to locate any documents related to Title IX or on the subject of discrimination. Also, Plaintiff signed a form stating that she completed "Preventing Sexual Harassment" training, but I was unable to locate any documentation related to that training. Please direct me to the specific documents responsive or supplement with the documents requested.

6. **Request for Production Number 26**: This request seeks a copy of all log-in and log-out data and/or reports for Plaintiff from July 1, 2013 to June 30, 2016. In response, your client stated that it was "attempting to collect this information and will supplement this Response." Please advise when Plaintiff may expect to receive the documents requested.

7. **Request for Production Numbers 27, 28, and 29**: In response to each of these requests, your client listed the same objections: that they are "beyond the scope of permissible discovery," "not reasonably calculated to lead to the discovery of admissible evidence," and are "overly broad and unduly burdensome." Please see my comments, *supra*, regarding these same improper, conclusory objections. Further, and to the extent your client is relying upon its "unduly burdensome objection," Plaintiff is willing to discuss ways to narrow these requests. Please contact me to discuss further.

As noted at the outset, by sending you this detailed letter I am complying with the requirement of Rule 37 that I confer with you in an effort to resolve any and all discovery disputes prior to seeking Court action. Accordingly, *I respectfully request that you inform me of your client's intentions regarding the aforementioned matters no later than the close of business on Friday, July 12, 2019.*

I apologize for asking for a relatively quick response time, but pursuant to Local Rule 37.1(c), our client is required to her file a motion in aid of discovery, if any, within thirty days after your client's discovery responses were due. However, and again, I hope that we will be able to resolve the foregoing disputes without the need to involve the Court.

Thank you for your kind and prompt attention to this important matter. I look forward to hearing from you.

Very truly yours,

Kristina Thomas Whiteaker

KTW/arw
c: Rebecca Klug