**Exhibit 4**



July 12, 2019

**_Via Facsimile (304) 345-3355_**
Kristina Thomas Whiteaker
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301

Re: Rebecca Klug v. Marshall University, et al.
USDC for the Southern District of West Virginia, Huntington Division; 3:18-cv-00711
Claim No.: 501-566796

Dear Kris,

Thank you for your July 5, 2019 letter regarding your issues with our discovery responses. With respect to your issue with our general objections, I will withdrawal the list of general objections inserted prior to our answers to the interrogatories. However, I completely disagree with your contention that we have waived any legitimate objections that we may have due to the inclusion of the general objections. With that said, I reiterate each objection to each specific discovery request as described in our responses.

With respect to Interrogatory No. 3, as stated in our response, at this time, we intend to rely on the information produced in discovery. Thus far, we have produced several hundreds of pages of documents and intend to rely on those documents at trial. If you would like for me to give you a list of the documents, I can, however I already produced the information and you have the same. Our defense is that your client simply could not meet the requirements of the program.

With respect to Interrogatory Nos. 7 and 8 and Requests for Production Nos. 10, 11, 21, 24, and 25, I reiterate my objections and believe the information is not discoverable. The requests are unduly burdensome because they are in no way related to your client's claim. To ask my client to gather information that is not related in any way to this civil action is unduly burdensome. Furthermore, I believe that FERPA does in fact prohibit my client from producing the information requested to you. "[FERPA] severely restricts the disclosure of academic records without a student's consent. [See 20 U.S.C. § 1232g(b) and 34 C.F.R., Part 99]. Marshall University cannot even disclose a student's grade transcript unless 1. the student authorizes the disclosure, or 2. the request falls within a narrow set of exceptions contained in 34 C.F.R. § 99.31." *Kerr v. Marshall Univ. Bd. of Governors*, No. 2:14-CV-12333, 2015 WL 1405540, at *13 (S.D.W. Va. Feb. 4, 2015), report and recommendation adopted, No. 2:14-CV-12333, 2015 WL 1405537 (S.D.W. Va. Mar. 26, 2015), aff'd, 824 F.3d 62 (4th Cir. 2016). "[T]he records potentially could contain highly personal, highly sensitive, or embarrassing information." *Wilshire v. Love*, No. 3:14-CV-08374, 2015 WL 1482251, at *6 (S.D.W. Va. Mar. 31, 2015).

With respect to Requests for Production Nos. 8 and 9, I fail to see how the personnel file of the head of the general surgery residency program could have any discoverable information related to your client's claims. Good cause exists for the refusal because his confidential personnel file "potentially could contain highly personal, highly sensitive, or embarrassing information." *Wilshire v. Love*, No. 3:14-CV-08374, 2015 WL 1482251, at *6 (S.D.W. Va. Mar. 31, 2015). As such, the privacy interests in his file extremely outweigh any potential benefit your client could have by receiving the information. You are not entitled to a fishing expedition.

With respect to Request for Production No. 12, I will supplement my client's responses with your client's paystubs or W-2 forms.

With respect to Request for Production No. 14, I am supplementing with more policies related to your request. However, with regards to the "Preventing Sexual Harassment" training, that is an online program through a third party vendor that cannot be reduced to a producible format. We simply don't own the presentation and are not able to produce the same. I can provide you with a link to a demo of the course, which is here: https://lrcourse.lawroom.com/LeonardoCourseDemo/a52d50ac-4c3f-4af9-98b1-395c0d16bf1d/Viewer/index.html.

With respect to Request for Production No. 26, the username rk519700 does not exist in the Marshall network domain. It is not in the username format that Marshall uses when creating accounts. We believe it may be her login to Cabell Huntington Hospital's system. Nonetheless, we are attempting to compile information for you from what can collect from your client's username with the Marshall network. My client is working on it and I hope to have something to you next week. It is a somewhat complicated process.

With respect to Requests for Production Nos. 27, 28, and 29, I fail to see how email concerning the schedules of other residents, accreditation reports and ASGME evaluations, and search history from the VA computers is relevant to your client's claim. The schedules of other residents have nothing to do with whether or not your client was discriminated against or subjected to sexual harassment. Likewise, the accreditation reports and ASGME evaluations have nothing to do with whether or not your client was discriminated against or subjected to sexual harassment. Additionally, I do not believe the any documentation regarding the search history from the VA computers exists. Nonetheless, I fail to see how it may provide any insight as to whether your client was discriminated against or subjected to sexual harassment.

Sincerely,

Eric D. Salyers

EDS/ddw

2