IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**REBECCA KLUG,**

    **Plaintiff,**

v.                                                      Case No.:  3:18-cv-00711

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS, and**
**FARID B. MOZAFFARI, an individual,**

    **Defendants.**

## ORDER

Pending before the Court is Plaintiff's First Motion to Compel Discovery from Defendant Marshall University Board of Governors (hereinafter "Defendant"). (ECF No. 38). After fully briefing the issues, (ECF Nos. 41, 42), the parties appeared for a hearing on the motion on September 3, 2019. Plaintiff appeared by counsel, Kristina Whiteaker, Esq., of the Grubb Law Group, PLLC, and Defendant appeared by counsel, Eric Salyers, Esq., of Oxley Rich Sammons. Plaintiff alleges in this action that she was subjected to a discriminatory and hostile work environment in her surgical residency program at Marshall University Joan C. Edwards School of Medicine (hereinafter "Marshall University School of Medicine"). She further alleges that she was terminated from the program in retaliation for complaining about the discriminatory and hostile conditions.

After considering the arguments of counsel, the Court **GRANTS**, in part, and **DENIES**, in part, the relief requested in the Motion to Compel. According to Plaintiff's

reply, the discovery requests that remain in dispute include the following: Interrogatory Numbers 7 and 8 and Request for Production of Documents Numbers 8 through 10, 14, 21, 22, and 24 through 29. (ECF No. 42 at 2). The Court orders as follows:

### **Interrogatory Number 7**

This interrogatory asks Defendant to list the names, addresses, telephone numbers, and gender of all individuals who were demoted or terminated from the residency program at Marshall University School of Medicine from January 1, 2013 to the present and to provide the reason for each demotion or termination. As discussed at the hearing, Defendant is **ORDERED** to produce to Plaintiff within **ten (10) days** of the date of this Order, a list of the individuals who were demoted or terminated from the surgical residency program at Marshall University School of Medicine from January 1, 2013 through December 30, 2016 in accordance with the following instructions. The list should identify the individuals anonymously pursuant to randomly-assigned numbers or other method selected by Defendant to preserve the individuals' anonymity. Defendant should retain the list of the individuals' names and corresponding identifiers. The list should state the gender of each anonymously-identified individual, identify whether the person was demoted or terminated, and state the reason for the demotion or termination.

### **Interrogatory Number 8**

This interrogatory asks Defendant to list the gender and ABS In-Training (ABSITE) scores for each person in Defendant's surgical residency program from 2013 to the present. Defendant is **ORDERED** to produce to Plaintiff within **ten (10) days** of the date of this Order, a list of the individuals in the surgical residency program at

Marshall University School of Medicine from January 1, 2013 to December 30, 2016. The list should anonymously identify the individuals in accordance with the instructions stated above regarding Interrogatory Number 7, and the list should state the gender of each person and the person's ABSITE score(s). To the extent there are individuals on both of the lists responsive to Interrogatory Nos. 7 and 8, the random identifiers used for those individuals should be the same, so that Plaintiff can effectively compare the two lists.

### Request for Production Numbers 8 and 9

These requests ask Defendant to produce the personnel file and other records concerning Farid Mozaffari, M.D. Defendant is **ORDERED** to produce to Plaintiff within **ten (10) days** of the date of this Order any records in its control or possession concerning complaints and/or disciplinary actions against Dr. Mozaffari, which contain allegations of (1) sexual harassment; (2) sex discrimination; (3) disability discrimination; and/or (4) retaliation for sexual harassment, sex discrimination, or disability discrimination complaints (hereinafter collectively the "Relevant Topics"). Defendant shall also produce documents demonstrating any training that Dr. Mozaffari received on the Relevant Topics. Finally, Defendant is ordered to produce copies of any performance evaluations received by Dr. Mozaffari relating to his position as Program Director of the General Surgery Training Program.

### Request for Production Numbers 10 and 11

These requests ask Defendant to produce the personnel files and other files of all surgical residents for the years 2013 to 2016. Defendant is **ORDERED** to produce to Plaintiff within **ten (10) days** any records in its control or possession concerning complaints and/or disciplinary actions against Dr. Ekong Uffort, or against Dr. Marco

3

Young, which include allegations regarding the Relevant Topics. Defendant is further ordered to produce Dr. Uffort's performance review documents relating to his position as Team Leader of the surgical residency program and Dr. Young's performance review documents relating to his positions as Academic Chief Resident.

**Request for Production Number 14**

This request asks Defendant to produce copies of its policies, guidelines, and similar documents relating to workplace discrimination, sex discrimination, disability discrimination, and/or Title IX. Plaintiff contends that Defendant produced responsive documents that did not go into effect until after Plaintiff was terminated from the surgical residency program, and Plaintiff asks the Court to order Defendant to produce responsive documents that were in effect beginning in 2013. Defendant is **ORDERED** to produce to Plaintiff within **ten (10) days** any documents that are responsive to this request for the time period that Plaintiff was in the surgical residency program.

**Request for Production Numbers 21 and 22**

These requests seek information concerning complaints made against Defendant or Marshall University concerning workplace discrimination, alleged violations of the West Virginia Human Rights Act or Americans with Disabilities Act, Title VII, Title IX, and/or retaliation from January 1, 2009 to the present. The parties indicated at the hearing that they may be able to reach an agreement regarding these requests. Plaintiff's counsel indicated that the scope of the requests could be narrowed, and Defendant's counsel indicated that he could determine the burden of responding to the requests, including how much responsive information exists and how such information could be collected and produced to Plaintiff. Therefore, the parties are **ORDERED** to complete such tasks, confer within **seven (7) days** of the date of this

Order, and contact the Court by the conclusion of that time period if any outstanding issues remain regarding these discovery requests. As stated during the hearing, the workplace discrimination topics should be limited to sex and disability discrimination claims; the requested time period should be narrowed; and, while any formal complaints or lawsuits against Marshall University on the Relevant Topics may be appropriate, the request for informal complaints should be limited to the surgical residency program, as opposed to the entire institution. To the extent that the parties reach an agreement concerning these discovery requests, Defendant must produce the responsive information within **fourteen (14) days** of the date that the parties reach such agreement.

### Request for Production Numbers 24 and 25

These requests ask Defendants to produce the evaluations of all surgical residents and the ABSITE scores for all medical residents from January 1, 2013 to the present. As explained at the hearing, the requests are overly broad. Again, the parties indicated that they may be able to confer and resolve their disputes regarding these requests. Defendant is **ORDERED** to determine the burden of responding to the requests, including how much responsive information exists and how such information could be collected and produced to Plaintiff. The parties should then confer within **seven (7) days** of the date of this Order and contact the Court by the conclusion of that time period if any outstanding issues remain regarding these discovery requests. To the extent that the parties reach an agreement concerning these discovery requests, Defendant must produce the responsive information within **fourteen (14) days** of the date that the agreement is reached.

**Request for Production Number 26**

This request concerns Plaintiff's log-in and log-out data during the time that she was in the surgical residency program. At the hearing, Defendant's counsel explained that Defendant does not have access to this data, as it is within the custody or control of Cabell Huntington Hospital. Therefore, Plaintiff's Motion to Compel regarding this request is **DENIED**. Plaintiff can subpoena such information from the appropriate custodian of this information.

**Request for Production Number 27**

This request seeks information regarding the work schedules of medical residents from January 1, 2013 to December 31, 2016. The parties discussed at the hearing that the dispute regarding this request could possibly be resolved if the information is produced anonymously similar to Interrogatories 7 and 8. Therefore, the parties are **ORDERED** to confer regarding this discovery request within **seven (7) days** of the date of this Order and contact the Court by the conclusion of that time period if any outstanding issues remain. To the extent that the parties reach an agreement concerning this discovery request, Defendant must produce the responsive information within **fourteen (14) days** of the date that the agreement is reached.

**Request for Production Number 28**

This request asks Defendant to produce all accreditation reports and ASGME site visits from 2012 to 2016. As explained at the hearing, this request is overly broad. Plaintiff's counsel indicated that she could narrow this request to a specific site visit or certain reports. In addition, certain responsive information could potentially be subpoenaed from ASGME. Therefore, the parties are **ORDERED** to confer regarding this discovery request within **seven (7) days** of the date of this Order and contact the

Court by the conclusion of that time period if any outstanding issues remain. To the extent that the parties reach an agreement concerning this discovery request, Defendant must produce the responsive information within **fourteen (14) days** of the date that the agreement is reached.

### Request for Production Number 29

This request seeks information regarding the search history of the computers in the surgical resident call room from January 1, 2013 to the present, as well as investigations or records regarding pornography found on such computers. Defendant indicated that it produced all of the information in its custody or control that was responsive to this request, which amounted to one complaint. Therefore, Plaintiff's motion to compel concerning this request is **DENIED**.

The Clerk is instructed to provide a copy of this Order to all counsel of record and any unrepresented parties.

**ENTERED:** September 4, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge