IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**REBECCA KLUG,**

    **Plaintiff,**

v.                                                     **Civil Action No. 3:18-cv-00711**
                                                                        **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS,**
**and FARID B. MOZAFFARI, an individual,**

    **Defendants.**

### PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

COMES NOW Plaintiff, Rebecca Klug, by counsel, and respectfully moves the Court to compel Defendant Marshall University Board of Governors ("BOG") to: comply with the Court's Order of September 4, 2019; BOG to schedule the requested depositions; and, fully and completely answer and respond to Plaintiff's Second Set of Interrogatories and Request for Production of Documents and Things. In support of her motion, Plaintiff states as follows:

**A.**     **The Court's Order of September 4, 2019**

1. On September 3, 2019, Plaintiff and Defendant BOG appeared before The Honorable Cheryl A. Eifert for a hearing on Plaintiff's First Motion to Compel Discovery from BOG. (ECF No. 38.)

2. The Court entered Judge Eifert's Order on September 4, 2019. (ECF No. 47.)

1

3. Pursuant to the Order, and after Plaintiff's counsel agreed to a brief extension, BOG supplemented its answers and responses to Interrogatory Numbers 7 and 8, and Request for Production Numbers 8, 9, 10, 11, and 14 on September 17, 2019. (Ex. 1.)

4. Also pursuant to the Order, Judge Eifert ordered the parties to meet and confer on Request for Production Numbers 21, 22, 24, 25, 27, and 28, in an effort to narrow the scope of the requests. (ECF No. 47.)

5. Accordingly, the parties met on September 6, 2019 in Defendant BOG's counsel's office.

6. On September 11, 2019, Plaintiff's counsel sent Defendant's counsel an email in an effort to schedule a follow up telephone call from their meeting on September 6, 2019. (Ex. 2.)

7. Plaintiff's counsel and BOG's counsel had a telephone conference call on September 12, 2019, and BOG's counsel said that he would follow up with his client and that he expected to provide supplemental information and/or documents.

8. After not receiving any supplemental information or documents, on October 20, 2019, Plaintiff's counsel contacted BOG's counsel to schedule a time to discuss the status of discovery. (Ex. 3.)

9. Plaintiff's counsel and BOG's counsel spoke again on October 31, 2019, about the status of BOG providing supplemental discovery.

10. BOG's counsel indicated again that he would follow up with his client and that he would provide additional information.

11. After still not receiving any response, on November 12, 2019, Plaintiff's counsel sent BOG's counsel a letter asking that he provide a response by November 22, 2019. (Ex. 4.)

12. On November 15, 2019, Plaintiff's counsel and BOG's counsel spoke by telephone and BOG's counsel informed her that he was working to obtain dates for the depositions requested, that he was going to send her a letter about discovery, and that he had some documents to supplement.

13. Plaintiff's counsel did not receive any supplemental documents or dates for depositions.

14. On November 22, 2019, BOG's counsel sent Plaintiff's counsel an email requesting more time to respond to her letter and stating that he was "doing my best to get the relevant information to you as I can." (Ex. 5.)

15. However, on November 27, 2019, BOG's counsel sent Plaintiff's counsel a letter indicating that his client believed it had complied with the Order and would not provide any supplemental responses. (Ex. 6.)

16. Accordingly, Plaintiff's counsel sent BOG's counsel a letter on December 3, 2019, detailing her recollection of what the prior discussions had been and what was required by the Court's Order, asking that he respond to her by December 5, 2019. (Ex. 7.)

17. However, BOG's counsel did not respond to Plaintiff's counsel by that time.

**B.** **Depositions**

18. On September 18, 2019, Plaintiff filed a Notice of Rule 30(b)(6) Deposition with the Court. (ECF No. 50.)

19. On November 12, 2019, Plaintiff requested the depositions of Dr. Rebecca Wolfer, Dr. Jillian McCagg, and Defendant Mozaffari. (Ex. 4.)

20. Plaintiff has tried to schedule these depositions with Defendant BOG on numerous occasions, without success. (Ex. 4, 7, and 8.)

21. In his letter of November 27, 2019, Defendant BOG's counsel requested additional information regarding the depositions of Dr. Wolfer and Dr. McCagg, even though the witnesses were listed as fact witnesses in the case and Plaintiff's counsel responded to his inquiry in her letter of December 3, 2019. (Ex. 6 and 7.)

C.     **Plaintiff's Second Set of Discovery Requests**

22. On or about October 17, 2019, Plaintiff served her Second Set of Interrogatories and Request for Production of Documents and Things upon Defendant BOG via United States Mail. (Ex. 9.)

23. Defendant BOG served its answers and responses on November 18, 2019. (Ex. 10.)

24. After carefully reviewing Defendant BOG's answers and responses, Plaintiff concluded that nearly every response was inadequate, incomplete and/or otherwise insufficient.

25. In an effort to resolve the discovery disputes in an amicable and conciliatory manner, on November 22, 2019, Plaintiff's counsel wrote Defendant BOG's counsel requesting that BOG reconsider and inform her of his client's intentions regarding the items detailed in her letter "no later than the close of business on Wednesday, November 27, 2019." (Ex. 11.)

26. Plaintiff's counsel's five-page letter explained in detail Plaintiff's specific concerns over each inadequate, incomplete, or insufficient response. (*Id.*)

27. Rather than restate here each disputed discovery item, Plaintiff simply incorporates herein by reference her counsel's letter of November 22, 2019.

28. Defendant BOG's counsel did not respond.

29. Pursuant to the federal rules, Plaintiff is required to file a motion to compel within thirty (30) days of the date the discovery answers and responses were served, if the discovery disputes cannot be resolved.

30. In order to protect her interests, Plaintiff had no choice but the file the instant motion to secure Defendant's compliance with its discovery requirements.

31. Plaintiff also certifies that she has attempted in good faith to obtain the requested information without Court action, but was left with no choice but to file the instant motion.

32. Plaintiff further submits such other grounds as may be assigned at a hearing to be conducted upon her motion.

**D.** **Conclusion**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order compelling Defendant BOG to comply with the Court's Order of September 4, 2019, compel BOG to schedule the requested depositions, and fully and completely answer and respond to Plaintiff's Second Set of Interrogatories and Request for Production of Documents and Things.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff also requests that this Court enter an Order requiring Defendant BOG to pay all fees and costs associated with Plaintiff's: (a) prosecution of this motion; and (b) efforts to compel BOG to comply with the Court's Order, schedule depositions, and completely answer and respond to Plaintiff's second set of written discovery. Plaintiff seeks such further legal and/or equitable relief as may be appropriate.

    Respectfully submitted,

    **REBECCA KLUG**
    Plaintiff
    By Counsel

s/ Kristina Thomas Whiteaker

_____
Kristina Thomas Whiteaker (State Bar No. 9434)
The Grubb Law Group, PLLC
1114 Kanawha Boulevard, East
Charleston, WV  25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**REBECCA KLUG,**

    **Plaintiff,**

v.                                                           **Civil Action No. 3:18-cv-00711**
                                                           **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS,**
**and FARID B. MOZAFFARI, an individual,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I, Kristina Thomas Whiteaker, counsel for Plaintiff, do hereby certify that I have this 6th day of December, 2019, electronically filed with the Clerk of the Court *Plaintiff's Second Motion to Compel Discovery* using the CM/ECF system, which will send a copy of this document, as well as notification of such filing, to the following:

Perry W. Oxley, Esq./L.R. Sammons, III, Esq.
Eric D. Salyers, Esq./David E. Rich, Esq.
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV 25718


s/ Kristina Thomas Whiteaker
_____
Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP, PLLC
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)