**Exhibit 5**

**April Romaca White**

**From:** Kristina Thomas Whiteaker <KWhiteaker@grubblawgroup.com>
**Sent:** Friday, November 22, 2019 9:11 AM
**To:** April White
**Subject:** FW: Klug

Kristina Thomas Whiteaker
The Grubb Law Group, PLLC
1114 Kanawha Boulevard East
Charleston, WV 25301
304-345-3356

CONFIDENTIALITY NOTE:

This email is covered by the Electric Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This message, together with any attachments, is intended only for the addressee. It may contain information which is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (304-345-3356) or by return e-mail and delete the message, along with any attachments.

**From:** Eric D. Salyers [mailto:esalyers@oxleylawwv.com]
**Sent:** Friday, November 22, 2019 9:09 AM
**To:** Kristina Thomas Whiteaker <KWhiteaker@grubblawgroup.com>
**Subject:** Re: Klug

I will have no objection to any continuance. I am doing my best to get the relevant information to you as I can. Thank you for letting me respond next week. Let me know if you need anything else.

Eric D. Salyers, Esq.
Oxley Rich Sammons
P.O. Box 1704
517 9th Street, Suite 1000
Huntington, WV 25718
T: (304) 522-1138
C: (304) 412-1414
F: (304) 522-9528
Email: esalyers@oxleylawwv.com

1



This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by email, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.

**From:** Kristina Thomas Whiteaker <KWhiteaker@grubblawgroup.com>
**Date:** Friday, November 22, 2019 at 9:03 AM
**To:** "Eric D. Salyers" <esalyers@oxleylawwv.com>
**Subject:** RE: Klug

Dear Eric,
What I am most worried about is the deadlines in this case. Plaintiff's 26(a)(1) disclosures are due on November 29th and there is no way that our Title IX expert will be able to produce a report without substantive discovery responses and the depositions we have requested. I know that you have been waiting to hear back from your client on several issues and have sent authorizations to the previous residents for whom we requested documents, but all of this has taken so long that we can't meet our deadlines. I am going to file a motion to continue to dates in the scheduling order to allow us more time to complete discovery. Will you have any objection to that?

I am going to send you a good faith letter on your clients' responses to the second set of discovery, but I am assuming that if you do not get authorizations from the individuals to release their resident files, we will need to go to the Court to ask for an Order. I will also provide more detailed information about the complaints for which we asked information that you said were vague. The comparator resident information and your clients' handling of the complaints is information that our expert will really need to review. I know that you have been busy, and it is okay if you cannot respond to my letter until next week. Either way, I think we are going to have to ask the Court to push the deadlines back farther. Let me know your thoughts on this today, if you get a chance.

Thanks,
Kris


Kristina Thomas Whiteaker
The Grubb Law Group, PLLC
1114 Kanawha Boulevard East
Charleston, WV 25301
304-345-3356

CONFIDENTIALITY NOTE:

This email is covered by the Electric Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This message, together with any attachments, is intended only for the addressee. It may contain information which is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that

any disclosure, copying, distribution, use, or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (304-345-3356) or by return e-mail and delete the message, along with any attachments.

**From:** Eric D. Salyers [mailto:esalyers@oxleylawwv.com]
**Sent:** Thursday, November 21, 2019 5:38 PM
**To:** Kristina Thomas Whiteaker <KWhiteaker@grubblawgroup.com>
**Subject:** Klug

Kris,

Will you allow me until Tuesday to respond to your letter. I have been out of the office everyday this week and will be out again tomorrow as well.

Eric D. Salyers, Esq.
Oxley Rich Sammons

**Exhibit 6**



November 27, 2019

*Via Facsimile (304) 345-3355*
Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301

Re:   Rebecca Klug v. Marshall University, et al.
      USDC for the Southern District of West Virginia, Huntington Division; 3:18-cv-00711
      Claim No.: 501-566796

Dear Kris:

I write in response to your letter dated November 12, 2019. I have reached out to Dr. Mozaffari for dates for his deposition. Dr. Mozaffari now resides in California. However, he may be willing to travel to West Virginia for his deposition. We are still in the process of figuring that out. As soon as I have dates for his availability, I will provide you with the same.

With respect to Dr. Wolfer and Dr. McCagg, can you elaborate on what discoverable information they might possess? Additionally, I don't believe Dr. McCagg is still affiliated with Marshall University.

With respect to discovery, I respectfully disagree that my client has not complied with Judge Eifert's Order and would assert that we have.

With respect to Request for Production No. 21 and 22, we were only ordered to meet and confer, which we did. These requests seek information concerning complaints made against Defendant or Marshall University concerning workplace discrimination, alleged violations of the West Virginia Human Rights Act or Americans with Disabilities Act, Title VII, Title IX, and/or retaliation from January 1, 2009 to the present. At your client's deposition, she testified that she was not aware of any other instances of discrimination with anyone else other than her own complaint. Thus, I do not see how any of the above could be anything other than a fishing expedition. Thus, please let me know specifically what information you want and why you want it.

www.oxleylawwv.com
304-522-1138 | 517 9th St, Suite 1000, Huntington, WV 25701

With respect to Request for Production No. 24 and 25, we were only ordered to meet and confer, which we did. I have since provided you with all of the ABSITE scores of every resident. Thus, please let me know specifically what you believe is outstanding on these Requests.

With respect to Request for Production No. 27, we were only ordered to meet and confer, which we did. This request seeks information regarding the work schedules of medical residents from January 1, 2013 to December 31, 2016. At your client's deposition, she testified that she was not aware of any other instances of discrimination with anyone else other than her own complaint. Thus, I do not see how any of the above could be anything other than a fishing expedition. Thus, please let me know specifically why you need this information.

With respect to Request for Production No. 28, we were only ordered to meet and confer, which we did. Moreover, it appears you already have the information requested as you have produced the same in your discovery responses. Thus, please let me know specifically what you believe is outstanding on this Request.

As always, if you have any questions or concerns, please feel free to contact me.

Sincerely,

Eric D. Salyers

EDS/ddw
Enclosures

**Exhibit 7**

# THE GRUBB LAW GROUP, PLLC
ATTORNEYS AT LAW
1114 KANAWHA BOULEVARD, EAST
CHARLESTON, WEST VIRGINIA 25301

KRISTINA THOMAS WHITEAKER
DAVID L. GRUBB

APRIL ROMACA WHITE, PARALEGAL
AMANDA MCMILLEN, LEGAL ASSISTANT

TELEPHONE 304-345-3356
FACSIMILE 304-345-3355

WWW.GRUBBLAWGROUP.COM
KWHITEAKER@GRUBBLAWGROUP.COM

Eric D. Salyers, Esquire
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV 25718

December 3, 2019
*VIA FACSIMILE & U. S. MAIL*

Re:  *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
Civil Action No. 3:18-cv-00711 (Judge Chambers)

Dear Eric:

Thank you for your letter of November 27, 2019. Apparently, you and I do not have the same recollection of the hearing before Judge Eifert or our meeting on September 6, 2019. I believe that the purpose of the "meet and confer" was to narrow some of the requests and discuss the documents and information that was available to Defendants, so that supplemental responses could be provided. From my perspective, we achieved part of that goal in that we were able to narrow the requests and you agreed to confer with your client and to provide supplemental information and documents. However, we still have not received substantive responses to some of the requests. Therefore, I do not believe that your client has met its obligations simply because it "met and conferred."

My specific responses to your letter are as follows:

A.  **Depositions**

(1)  Notice of 30(b) Deposition: Plaintiff filed her Notice with the Court on September 18, 2019, nearly eleven weeks ago. I have requested and provided dates for that deposition on several occasions. Most recently, by my letters dated November 12, 2019 and November 22, 2019. I also indicated to you that the first topics in the notice related to records were a priority. However, you have still not provided me with any dates. Please provide me with dates for the depositions as soon as possible.

(2)  Depositions of Dr. Wolfer and Dr. McCagg: I requested these depositions by letter dated November 12, 2019, and provided proposed dates. In your letter of November 27, 2019, you asked me to "elaborate on what discoverable information they might possess" and advised that you "don't believe Dr. McCagg is still affiliated with Marshall University." First,

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
December 3, 2019
Page 2

both of these deponents have been listed as fact witnesses and a summary of their expected testimony has been provided in Plaintiff's written discovery responses. Second, they have been listed throughout the documents produced in discovery and were discussed during Plaintiff's deposition. Third, I am confused by your statement about Dr. McCagg being "affiliated" with Marshall? Marshall is your client. Have you asked if she is affiliated? If your client will not produce her (or Dr. Wolfer) for a deposition, please advise immediately.

(3) <u>Deposition of Defendant Mozaffari</u>: Please provide me with dates for this deposition. I have no preference if he is in California or West Virginia for his deposition. I also would rather not delay his deposition while your client is in the "process of figuring that out."

**B.** **<u>Plaintiff's First Set of Discovery</u>**

As I noted in my letter of November 12, 2019, your client has not complied with Judge Eifert's Order of September 4, 2019, regarding certain discovery items. By the Judge's Order, we met on September 6, 2019 in your office, and conferred again by telephone on September 12, 2019 and October 31, 2019, regarding Request for Production Numbers 21, 22, 24, 25, 27, and 28. During our conversations, you indicated that you would provide supplemental information/documents and/or that you were following up with your client on what responsive information it had. My specific recollection and comments regarding each request are listed below:

(4) <u>Request for Production Numbers 21 and 22</u>: These requests seek: documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against BOG (including any of its employees) concerning workplace discrimination (including, but not limited to, disability and/or sex discrimination), an alleged violation of the West Virginia Human Rights Act, the Americans with Disabilities Act, Title VII, Title IX, and/or retaliation from January 1, 2009, to the present [Number 21]; and documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against Marshall University (including any of its employees) concerning sex discrimination by students, residents, physicians, and/or other employees from January 1, 2009, to the present [Number 22]. At the hearing, Judge Eifert ordered the parties to meet and narrow the scope of the requests. Specifically, and as written in her Order, she stated:

> …the workplace discrimination topics should be limited to sex and disability discrimination claims; the requested time period should be narrowed; and, while any formal complaints or lawsuits against Marshall University on the Relevant Topics may be appropriate, the request for informal complaints should be limited to the surgical residency program, as opposed to the entire institution.

When we met, I agreed to limit the time period for these requests to January 1, 2013 to the present. In addition, we agreed to narrow the request to gender, retaliation, and disability complaints. We also agreed that your client would provide all formal lawsuits against the University in those categories, and informal complaints, including Human Rights Commission and other administrative complaints, related to the School of Medicine (students and residents, not employees). You indicated that you were going to "drill down" on informal complaints made in the residency program and see what you were able to locate and get back to me. Since we met approximately three months ago (on September 6, 2019), the only response I have received from you when I followed up was that you were still working on it or that you needed more time. That is, until I received your letter of November 27, 2019. In that letter, you appear to have changed your mind on what the Judge ordered and what you agreed to do when we met and conferred. You now want me to advise "specifically what information you [I] want and why you [I] want it." As you know, the documents were requested in discovery and your client has a duty to provide it especially since Plaintiff filed her Motion to Compel and it was ordered by the Judge. I am not sure there is anything more to discuss here since it seems as though we have different recollections.

(5) <u>Request for Production Numbers 24 and 25</u>: These requests seek: Surgical Resident Evaluations for all medical residents from January 1, 2013, to the present [Number 24]; and documents reflecting the ABSITE scores for all medical residents from January 1, 2013, to the present [Number 25]. Per Judge Eifert's order:

> Defendant is ORDERED to determine the burden of responding to the requests, including how much responsive information exists and how such information could be collected and produced to Plaintiff.

The parties were also ordered to meet and confer, which we did on September 6, 2019. We agreed to limit the Request to surgical residents only, and I provided you with a list of documents that we believe would encompass resident evaluations, including, but not limited to: (a) ABSITE Score Reports; (b) SCORE, ASTS, True Learn, and IPM reports; (c) ATLS, ACLS, and BLS certifications; (d) ACGME case log reports; (e) ACGME Milestone Reports; (f) New Innovations evaluations; (g) C3 recommendations; and (h) Department of Surgery evaluations.

(6) <u>Request for Production Number 27</u>: This request asks your client to produce all schedule emails from Donna Webb identifying which residents worked, the location, job title, and the like, from January 1, 2013 to December 31, 2016. Per Judge Eifert's Order, and as discussed at the hearing, this request could be resolved using a similar anonymously assigned number system similar to the one used in response to Interrogatory Numbers 7 and 8. You indicated that you would follow up with your client on the emails that were sent from Ms. Webb and we also discussed that some of the log-in information may have to be subpoenaed from the hospitals.

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
December 3, 2019
Page 4

    (7)    <u>Request for Production Number 28</u>: This request asks your client to produce all accreditation reports and ACGME site visits, including ACGME evaluations and the results of each site visit, from 2012 to 2016. At the hearing, Judge Eifert ordered the parties to confer and for Plaintiff to narrow the request to a specific site visit or to certain reports, or that she could potentially subpoena the information from ACGME. At our meeting, I showed you examples of documents that were produced by Plaintiff related to preparations for site visits and evaluations from ACGME to show the kinds of documents that we were seeking and that your client should have. As I explained, these documents contain information about problems within the program and efforts to address those issues and that Plaintiff does not have all the relevant documents related to those site visits. These documents are relevant to Plaintiff's complaints and her position that the reasons given for her demotion and termination from the program was pretextual. You indicated that you would follow up on those types of documents with your client and let me know what documents were available for supplementation. However, I have not heard back from you or received any supplemental documents related to the ACGME site visits.

    I have been trying to obtain the foregoing discovery for the past three months. Accordingly, I will file a motion with the Court on these items as well as Plaintiff's Second Set of Requests, if I do not hear from you by Thursday, December 5, 2019.

    Thank you for your kind and prompt attention to this important matter.

Very truly yours,

Kristina Thomas Whiteaker

KTW/arw
c:    Rebecca Klug

**Exhibit 8**

# April Romaca White

| | |
|---|---|
| **From:** | Kristina Thomas Whiteaker <KWhiteaker@grubblawgroup.com> |
| **Sent:** | Friday, December 06, 2019 1:35 PM |
| **To:** | April White |
| **Subject:** | FW: supplemental responses |
| **Attachments:** | Int-ans-to-Def-01-supp-04.pdf; Bates-numbers-P-003511-003584.pdf; Bates-numbers-P-003585-003608.pdf; Bates-numbers-P-003609-003687.pdf; Bates-numbers-P-003688-003729.pdf |

Kristina Thomas Whiteaker
The Grubb Law Group, PLLC
1114 Kanawha Boulevard East
Charleston, WV  25301
304-345-3356


CONFIDENTIALITY NOTE:

This email is covered by the Electric Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This message, together with any attachments, is intended only for the addressee. It may contain information which is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (304-345-3356) or by return e-mail and delete the message, along with any attachments.


**From:** Kristina Thomas Whiteaker [mailto:KWhiteaker@grubblawgroup.com]
**Sent:** Monday, November 18, 2019 4:14 PM
**To:** 'Eric D. Salyers' <esalyers@oxleylawwv.com>
**Subject:** supplemental responses

Dear Eric,
Attached are additional supplemental discovery responses.  They are all text messages and are in four batches.  Please let me know if you do not receive them all.  If you would like me to send them on a cd also, please let me know.

Also, please let me know when we can schedule the 30(b)(6) and fact witness depositions and when your client is going to provide supplemental responses to the first set.

Thank you,
Kris

Kristina Thomas Whiteaker
The Grubb Law Group, PLLC
1114 Kanawha Boulevard East
Charleston, WV  25301

1

304-345-3356

CONFIDENTIALITY NOTE:

This email is covered by the Electric Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This message, together with any attachments, is intended only for the addressee. It may contain information which is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (304-345-3356) or by return e-mail and delete the message, along with any attachments.