**Exhibit 9**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**REBECCA KLUG,**

      **Plaintiff,**

**v.**                                     **Civil Action No. 3:18-cv-00711**
                                             **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY BOARD**
**OF GOVERNORS, and**
**FARID B. MOZAFFARI, an individual,**

      **Defendants.**

### PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO
### DEFENDANT MARSHALL UNIVERSITY BOARD OF GOVERNORS

TO:   Marshall University Board of Governors
       c/o Perry W. Oxley, Esq./L.R. Sammons, III, Esq.
       Eric D. Salyers, Esq./David E. Rich, Esq.
       Oxley Rich Sammons
       Post Office Box 1704
       Huntington, WV 25718

      COMES NOW Plaintiff, by counsel, and respectfully propounds the following

interrogatories and requests upon Defendant Marshall University Board of Governors

"BOG" or "Defendant". In accordance with Rules 26, 33, and 34 of the Rules of Civil

Procedure, Plaintiff calls upon Defendant BOG to answer these interrogatories and

requests within thirty (30) days of service hereof.

### INTERROGATORIES

      1.    Please identify (by name, address, telephone number, and year of

residency) Resident Numbers 9, 15, and 40.

**ANSWER:**

2.    Please provide the total number of residents (by year) who qualified for remediation and/or Education Enhancement Plans from January 1, 2013 to June 30, 2016, based upon the policies in the Residency Handbook.

**ANSWER:**

3.    Of those residents that qualified for remediation and/or Education Enhancement Plans from January 1, 2013 to June 20, 2016, please identify by name and assigned number, the residents who were placed on such remediation and/or Education Enhancement Plans.

**ANSWER:**

4.    Please provide, with specificity and detail, all steps Defendant MU BOG took in investigating the following complaints by Plaintiff.  In your answer, please provide all actions taken to investigate such complaints, identify any documents relevant to such investigations, and provide the outcome of such investigation.

(a)    Plaintiff's verbal complaint made to Defendant Mozaffari and Donna Webb on or about January 23, 2015;

(b)    Plaintiff's written complaint made to Dr. Wehner and Cindy Dailey by email on or about March 19, 2015;

(c)    Plaintiff's oral complaint made to Dr. Wehner and Cindy Daily on or about March 25, 2015;

(d)    Plaintiff's written complaint made to Defendant Mozaffari and Donna Webb by email on or about June 20, 2015;

(e)     Plaintiff's written complaint made to Defendant Mozaffari by email on or about February 2, 2016;

(f)     Plaintiff's written complaint made to Defendant Mozaffari by text message on or about February 4, 2016;

(g)     Plaintiff's written complaint made to Defendant Mozaffari, Donna Webb, Dr. Denning, Dr. Arrington, and Dr. Harrison by email on or about February 8, 2016; and

(h)     Plaintiff's written complaint made to the Office of Equity Programs on or about February 17, 2016.

**ANSWER:**

5.     Please describe, with specificity and detail, the purpose of the Behavioral Integrity Commission and identify, by name, address, telephone number, and job title, each individual who is on the Behavioral Integrity Commission.

**ANSWER:**

6.     Please identify, buy name, address, telephone number, and job title, the individual(s) who was the Title IX coordinator(s) from January 1, 2013 to June 30, 2016.

**ANSWER:**

7.     Please identify any and all training completed by MU School of Medicine, Marshall University, and the Surgical Residency Program related to gender discrimination and/or sexual harassment from January 1, 2013 to June 30, 2016, including the name of the individual(s) conducting such training; indicate whether such training is for employees, management, and/or both; the dates such training took place; the name of the trainer, and identify any training materials provided.

**ANSWER:**

8.      Please identify each and every policy which applied to a Surgical Resident at MUSOM from January 1, 2013, to June 30, 2016, related to job performance, promotions, ethics and conduct, disability discrimination, medical leave, sex discrimination, hostile work environment, bullying, complaint procedures, and retaliation.

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

1.      Please produce copies of each and every document used, consulted, relied upon, identified, or referred to in answering Plaintiff's Second Set of Interrogatories.

**RESPONSE:**

2.      Please provide any and all documents identified or relied upon in Defendant's response to Interrogatory Number 4.

**RESPONSE:**

3.      Please produce a copy of MUBOG's policies regarding retaliation against employees/students/residents from January 1, 2013 to June 30, 2016.

**RESPONSE:**

4.      Please produce a copy of the job description for the position of Title IX coordinator for the time period January 1, 2013 to June 30, 2016.

**RESPONSE:**

5.      Please produce any and all training materials related to gender discrimination and/or sexual harassment for MU School of Medicine, Marshall University, and the Surgical Residency Program from January 1, 2013 to June 30, 2016,

4

including, but not limited to the materials used, sign-in sheets, printouts, handouts, and other training materials.

**RESPONSE:**

Respectfully submitted,

**REBECCA KLUG**
Plaintiff
By Counsel

Kristina Thomas Whiteaker (State Bar No. 9434)
David Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP, PLLC
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

#### HUNTINGTON DIVISION

**REBECCA KLUG,**

     **Plaintiff,**

**v.**
                                **Civil Action No. 3:18-cv-00711**
                                **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS,**
**and FARID B. MOZAFFARI, an individual,**

     **Defendants.**

#### CERTIFICATE OF SERVICE

     I, Kristina Thomas Whiteaker, counsel for Plaintiff, do hereby certify that I have this 17th day of October, 2019, electronically filed this certificate with the Clerk of the Court using the CM/ECF system confirming service of *Plaintiff's Second Set of Interrogatories and Request for Production of Documents and Things to Defendant Marshall University Board of Governors* upon counsel of record, via United States mail, as follows

Perry W. Oxley, Esq./L.R. Sammons, III, Esq.
Eric D. Salyers, Esq./David E. Rich, Esq.
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV 25718

s/ Kristina Thomas Whiteaker

Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP, PLLC
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

**<u>Exhibit 10</u>**



November 18, 2019

Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301

Re:   Rebecca Klug v. Marshall University, et al.
      USDC for the Southern District of West Virginia, Huntington Division; 3:18-cv-00711
      Claim No.: 501-566796

Dear Kris:

Enclosed please find **_Defendant Marshall University Board of Governors' Responses to Plaintiff's Second Set of Interrogatories and Request for Production of Documents_**.   The Certificate of Service was electronically filed today.

As always, if you have any questions or concerns, please feel free to contact our office.

Sincerely,

Eric D. Salyers

EDS/ddw
Enclosures

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

REBECCA KLUG,

      **Plaintiff,**

v.                                              Civil Action No.: 3:18-CV-00711
                                                Judge Robert C. Chambers

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
and FARID B. MOZAFFARI, an individual,

      **Defendants.**

## DEFENDANT MARSHALL UNIVERSITY BOARD OF GOVERNORS'
## RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Marshall University Board of Governors ("Marshall University"), by counsel, Perry W. Oxley, David E. Rich, Eric D. Salyers, and the law firm of Oxley Rich Sammons, hereby submit the following Defendant Marshall University Board of Governors' Responses to Plaintiffs' Second Set of Interrogatories and Request for Production of Documents, pursuant to the Federal Rules of Civil Procedure.

### RESPONSES TO INTERROGATORIES

1.    Please identify (by name, address, telephone number, and year of residency) Resident Numbers 9, 15, and 40.

**ANSWER:  Objection. The Defendant objects on the basis that disclosure of the information sought by this Interrogatory violates the Family Educational Rights and Privacy Act of 1974. Notwithstanding its objection, the Defendant has reached out to Resident Numbers 9, 15,**

1

and 40 to request their permission to release their contact information. The Defendant is awaiting their reply and will supplement once received.

2.    Please provide the total number of residents (by year) who qualified for remediation and/or Education Enhancement Plans from January 1, 2013 to June 30, 2016, based upon the policies in the Residency Handbook.

**ANSWER: Two residents qualified for the remediation and/or Education Enhancement Plans from January 1, 2013 to June 30, 2016.**

3.    Of those residents that qualified for remediation and/or Education Enhancement Plans from January 1, 2013 to June 20, 2016, please identify by name and assigned number, the residents who were placed on such remediation and/or Education Enhancement Plans.

**ANSWER: Objection. The Defendant objects on the basis that disclosure of the information sought by this Interrogatory violates the Family Educational Rights and Privacy Act of 1974. Notwithstanding its objection, the Defendant has reached out to the two residents to request their permission to release their name. The Defendant is awaiting their reply and will supplement once received.**

4.    Please provide, with specificity and detail, all steps Defendant MU BOG took in investigating the following complaints by Plaintiff. In your answer, please provide all actions taken to investigate such complaints, identify any documents relevant to such investigations, and provide the outcome of such investigation.

(a)    Plaintiff s verbal complaint made to Defendant Mozaffari and Donna Webb on or

about January 23, 2015;

(b) Plaintiff's written complaint made to Dr. Wehner and Cindy Dailey by email on or about March 19, 2015;

(c) Plaintiff's oral complaint made to Dr. Wehner and Cindy Daily on or about March 25, 2015;

(d) Plaintiff's written complaint made to Defendant Mozaffari and Donna Webb by email on or about June 20, 2015;

(e) Plaintiff's written complaint made to Defendant Mozaffari by email on or about February 2, 2016;

(f) Plaintiff's written complaint made to Defendant Mozaffari by text message on or about February 4, 2016;

(g) Plaintiff's written complaint made to Defendant Mozaffari, Donna Webb, Dr. Denning, Dr. Arrington, and Dr. Harrison by email on or about February 8, 2016; and

(h) Plaintiff's written complaint made to the Office of Equity Programs on or about February 17, 2016.

**ANSWER:** Objection. The information requested is overly broad by asking for all steps taken with specificity and detail.

With respect to subpart (a), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (a) does not state the basis of the alleged verbal complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond.

With respect to subpart (b), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (b) does not state the basis of the alleged written complaint nor

3

provide any details of the same. As such, the Defendant cannot sufficiently respond.

With respect to subpart (c), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (c) does not state the basis of the alleged verbal complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond.

With respect to subpart (d), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (d) does not state the basis of the alleged written complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond.

With respect to subpart (e), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (e) does not state the basis of the alleged written complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond. Under the assumption that this subpart relates to the complaint against Dr. Yung, this Defendant states that Dr. Yung was reprimanded and given a written warning against repeating the behavior at risk of being terminated from the program. Additionally, the Professionalism/Disruptive Behavior Policy was reviewed with him. Moreover, Dr. Yung's rotation was altered so that he would have no further interactions with the Plaintiff.

With respect to subpart (f), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (f) does not state the basis of the alleged written complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond. Under the assumption that this subpart relates to the complaint against Dr. Yung, this Defendant states that Dr. Yung was reprimanded and given a written warning against repeating the behavior at risk of being terminated from the program. Additionally, the Professionalism/Disruptive Behavior Policy was reviewed with him. Moreover, Dr. Yung's rotation was altered so that he would have no further interactions with the Plaintiff.

With respect to subpart (g), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (g) does not state the basis of the alleged written complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond. Under the assumption that this subpart relates to the complaint against Dr. Yung, this Defendant states that Dr. Yung was reprimanded and given a written warning against repeating the behavior at risk of being terminated from the program. Additionally, the Professionalism/Disruptive Behavior Policy was reviewed with him. Moreover, Dr. Yung's rotation was altered so that he would have no further interactions with the Plaintiff.

With respect to subpart (h), the Defendant objects on the basis that the Interrogatory subpart is vague. Subpart (h) does not state the basis of the alleged written complaint nor provide any details of the same. As such, the Defendant cannot sufficiently respond. Under the assumption that this subpart relates to the complaint against Dr. Yung, this Defendant states that Dr. Yung was reprimanded and given a written warning against repeating the behavior at risk of being terminated from the program. Additionally, the Professionalism/Disruptive Behavior Policy was reviewed with him. Moreover, Dr. Yung's rotation was altered so that he would have no further interactions with the Plaintiff.

5.      Please describe, with specificity and detail, the purpose of the Behavioral Integrity Commission and identify, by name, address, telephone number, and job title, each individual who is on the Behavioral Integrity Commission.

ANSWER: Objection. This Interrogatory is irrelevant as Marshall University did not have a Behavioral Integrity Commission during the relevant time period of Plaintiff's Complaint. Notwithstanding said objection, the Defendant states the Behavioral Intervention Team was

convened at the end of 2016 academic year and it officially began in the Fall of 2017. The Behavioral Intervention Team assesses, intervenes, and/or provides resources and supports members of the campus community in an effort to maintain a safe and secure learning and working environment. Current members of the Behavioral Intervention Team are listed below and may be contacted through the undersigned counsel:

- **Mistie Bibbee, Director of Housing & Residence Life**

- **Beatrice Banford-Crane, Associate Athletic Director**

- **Michelle Biggs, Student Advocate Specialist**

- **Dr. Rayshawn Eastman, Assistant Dean of Students**

- **Kesha Glover, Associate Director of Housing**

- **Dr. Candace Layne, Director of Counseling Center**

- **Matt James, Assistant Dean of Students**

- **Lisa Martin, Director of Student Conduct**

- **Ryan Rosevelt, Interim FYRH Director of Operations**

- **Dr. Sherri Stepp, Associate Dean of Undergraduate Studies**

- **Jim Terry, Chief of Police**

6.      Please identify, buy name, address, telephone number, and job title, the individual(s) who was the Title IX coordinator(s) from January 1, 2013 to June 30, 2016.

**ANSWER: Ms. Debra Hart was the Title IX coordinator from January 1, 2013 to June 30, 2016. She may be contacted through the undersigned counsel.**

7.      Please identify any and all training completed by MU School of Medicine, Marshall

6

University, and the Surgical Residency Program related to gender discrimination and/or sexual harassment from January 1, 2013 to June 30, 2016, including the name of the individual(s) conducting such training; indicate whether such training is for employees, management, and/or both; the dates such training took place; the name of the trainer, and identify any training materials provided.

**ANSWER: Objection. The Defendant objects to this Interrogatory as the same is overly broad. Marshall University offers several types of training for employees and managers. Without waiving said objection, the Defendant generally states its Title IX coordinator, along with Dr. Shelvy Campbell provided sexual harassment and/or gender discrimination training on several occasions to the School of Medicine. Below is chart that demonstrates some of the training that was provided:**

| DATE | TYPE OF TRAINING | WHO WAS TRAINED |
|------|------------------|-----------------|
| 6/26/2014 | Implicit Bias/Unconscious Bias Hart/Campbell | 1st year Physical Therapy Students |
| 9/11/2014 | Implicit Bias/Unconscious Bias Hart/Campbell | 2nd year Physical Therapy Students |
| 10/23/2014 | Unconscious Bias/ Micro Aggressions Campbell | Multicultural Advisory Committee (faculty, staff, students on committee) |
| 4/03/2015 | Cultural Competency Hart | Medical Students |
| 6/5/2015 | Diversity & Inclusion Hart | Faculty/Staff/students |
| 7/8/2015 | Implicit Bias Hart/Campbell | Pharmacy Faculty Retreat |
| 7/16/2015 | Unconscious Bias/Micro Aggressions Campbell | Medical School Faculty |
| 8/4/2015 | Diversity & Inclusion Hart | 2st Year Medical Students |
| 9/2/2015 | Cultural Competency/Implicit Bias/Title IX Hart | 1st Year Pharmacy Students |
| 9/11/2015 | Implicit Bias/Unconscious Bias/Title IX Hart | Medical students, staff and faculty |

7

| 10/16/2015 | Faculty Development – Cultural Communication/Title IX Hart | Medical school faculty |
| 12/02/2015 | Diversity Panel- Professional Development Hart/Campbell | MUSOM Faculty, Staff and Students |
| 12/04/2015 | Cultural Competency – Vignettes Campbell | Pharmacy Students 1st & 2nd year |
| 3/18/2016 | Diversity & Inclusion Hart/Campbell | Faculty, Staff & Students MUSOM |
| 4/21/2016 | Diversity & Inclusion- Macroaggressions Women's PANEL Hart/Campbell | Faculty, Staff and Students |
| 4/26/2016 | Cultural Competency/Title IX Hart | Pharmacy Students 1st Year |
| 4/28/2016 | Cultural Competency- Implicit Bias Hart/Campbell | Cabell County Health Department Employee Training |
| 5/6/2016 | Women on Wellness Campbell | Faculty, Residents, Students |
| 6/21/2016 | Poverty Simulation Hart/Campbell | Faculty, staff, students |
| 6/30/2016 | Title IX – Debra Hart | HCPI Staff, faculty & Students |
| 3/20/2017 | Macroaggressions- Unconscious Bias LUNCH Series | Faculty, Staff, Students |
| 3/29/2017 | Cultural Sensitivity Hart/Campbell | MUSOM Dentistry & Oral Surgery Hose Staff (Residents) |
| 4/28/2017 | Identity, Equality & Discrimination (LGBTQ in healthcare) Dr. NFN Scout | MUSOM/MUSOP Faculty Staff and Students |
| 5/31/2017 | Diversity 3.0 Training (Inclusion)/Title IX Hart/Campbell | Faculty, Staff & medical students |
| 6/13/2017 | Title IX – Debra Hart | HCPI students |
| 7/17/2017 | Title IX Debra Hart | PRMED Students |
| 11/03/2017 | Professional Development - Unconscious Bias/Title IX - Lunch Series-Hart/Campbell | Faculty/Staff/Students |
| 3/22/2018 | Webinar Training Sexual Assault Professional Development Lunch Meeting-Hart | Faculty-Staff -Students |
| 4/16/18-4/18/2018 | Cultural Competency, Civility/Title IX- Hart/Campbell | Cabell Hospital administrators |

| 6/4/2018 | Civility & Title IX-Campbell/Hart | HCPI Instructors/Mentors |
|---|---|---|
| 6/12/2018 | Civility &Title IX-Hart/Campbell | Nursing Dept @ Cabell |
| 8/15/2018 | Cultural Competency Hart/Campbell | 1st Year Pharmacy Students |
| 9/11/2018 | Unconscious Bias Hart/Campbell | 1st Year Physical Therapy Students |
| 10/03/2018 | Cultural Sensitivity/ Civility/ Title IX-Hart/Campbell | Department Administrators Department of Dentistry, Oral & Maxillofacial Surgery |
| 10/10/2018 | Cultural Sensitivity -Hart | 1st year pharmacy students |
| 2/30/2019 | Title IX Talks-Hart | Faculty, staff & Students |
| 6/20/2019 | Cultural Competency & Civility Campbell/Hart | Family Medicine administrators |
| 7/23/2019 | Implicit Bias-Hart/Campbell | Biomedical Sciences faculty, staff &students |
| 8/12/2019 | Cultural Competency & Civility Hart/Campbell | Huntington Housing Authority employees |
| 9/28/2019 | Inclusion Beyond Discipline Webinar-Campbell | MUSOM faculty, staff & students |
| 10/30/2019 | Civility-Hart/Campbell | Hospital Department Administrators |

Additionally, Workplace Answers hosted the university's on-line sexual harassment training program. The on-line training has been effective for all faculty, staff and student's in paid positions. The training program was initiated in August 2015 and is currently active. While Workplace Answers served as the host, the company merged in 2017 with EverFi. This partnership is still active.

8.     Please identify each and every policy which applied to a Surgical Resident at MUSOM from January 1, 2013, to June 30, 2016, related to job performance, promotions, ethics and conduct, disability discrimination, medical leave, sex discrimination, hostile work environment, bullying, complaint procedures, and retaliation.

ANSWER: See Residency Handbook and other policies with have been produced to date.

9

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Please produce copies of each and every document used, consulted, relied upon, or referred to in answering Plaintiff's Second Set of Interrogatories.

**RESPONSE: See attached Exhibit.**


2.      Please provide any and all documents identified or relied upon m Defendant's response to Interrogatory Number 4.

**RESPONSE: See Answer to Interrogatory Number 4.**


3.      Please produce a copy of MUBOG's policies regarding retaliation against employees/students/residents from January 1, 2013 to June 30, 2016.

**RESPONSE: See Exhibits already produced in discovery.**


4.      Please produce a copy of the job description for the position of Title IX coordinator for the time period January 1, 2013 to June 30, 2016.

**RESPONSE: See attached Exhibit.**


5.      Please produce any and all training materials related to gender discrimination and/or sexual harassment for MU School of Medicine, Marshall University, and the Surgical Residency Program from January 1 , 2013 to June 30, 2016, including, but not limited to the materials used, sign-in sheets, printouts, handouts, and other training materials.

**RESPONSE: The training materials are in an online format and cannot be reduced to a**

10

printable form. This Defendant is in the process of attempting to locate any physical copies of sign-in sheets, etc, but has not been successful to date.

MARSHALL UNIVERSITY BOARD OF GOVERNORS,

By Counsel,

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Oxley Rich Sammons
517 9th Street, Suite 1000
Huntington WV 25701
304-522-1138
304-522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

REBECCA KLUG,

      Plaintiff,

v.                                 Civil Action No.: 3:18-CV-00711
                                    Judge Robert C. Chambers

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
and FARID B. MOZAFFARI, an individual,

      Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Marshall University Board of Governors, served

the foregoing *"Defendant Marshall University Board of Governors' Responses to Plaintiff's*

*Second Set of Interrogatories and Request for Production of Documents"* by electronically filing

a true copy of the same with the Clerk of the Court using the CM/ECF system on this **18th** day of

**November, 2019**.

Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301
*Counsel for Plaintiff, Rebecca Klug*

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB # 13042)

12

**Exhibit 11**

# THE GRUBB LAW GROUP, PLLC

ATTORNEYS AT LAW
1114 KANAWHA BOULEVARD, EAST
CHARLESTON, WEST VIRGINIA 25301

KRISTINA THOMAS WHITEAKER
DAVID L. GRUBB

APRIL ROMACA WHITE, PARALEGAL
AMANDA MCMILLEN, LEGAL ASSISTANT

TELEPHONE 304-345-3356
FACSIMILE 304-345-3355

WWW.GRUBBLAWGROUP.COM
KWHITEAKER@GRUBBLAWGROUP.COM

Eric D. Salyers, Esquire
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV 25718

November 22, 2019
*VIA FACSIMILE & U. S. MAIL*

Re:     *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
        Civil Action No. 3:18-cv-00711 (Judge Chambers)

Dear Mr. Salyers:

I have reviewed Marshall University BOG's answers and responses to Plaintiff's second set of written discovery. Unfortunately, I believe that there are numerous deficiencies.

My specific concerns are as follows:

1.      Interrogatory Number 1:  This interrogatory seeks the identity of Resident Numbers 9, 15, and 40. As you know, comparator information has been requested in relation to Plaintiff's complaints of disparate and discriminatory treatment. In response, your client objected based upon FERPA. Then, it stated that it "reached out to Resident Numbers 9, 15, and 40" for "their permission to release their contact information. The Defendant is awaiting their reply and will supplement once received." First, and as has been discussed in prior correspondence, this information is not protected by FERPA, and your client's objection is improper. Second, this interrogatory not only asks for their contact information, but also their name and year of residency. Therefore, at the very least, your client should be able to provide that information while it awaits hearing back from each resident. Third, your client had these requests for thirty days. Did it make a reasonably diligent effort to obtain the permission from the residents? What steps did it take? When did it send out the letter asking for permission to disclose the documents and how much time does it intend to wait? Accordingly, please supplement your client's prior answer.

2.      Interrogatory Number 2:  This interrogatory asks your client to provide the total number of residents, per year, who qualified for remediation and/or Education Enhancement Plans form January 1, 2013 to June 30, 2016, based upon the policies in the Residency Handbook. In response, your client stated that two residents qualified, but failed to provide the specific year(s). Please supplement.

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
November 22, 2019
Page 2

3.    Interrogatory Number 3:  This interrogatory seeks the name and assigned number of the residents who were placed on remediation and/or Education Enhancement Plans from January 1, 2013 to June 30, 2016.  Again, your client objected based upon FERPA, stated that it reached out to the residents, and is "awaiting their reply [ ]."  Once again, this information is not protected by FERPA, and your client's objection is improper.  Second, this interrogatory merely asks for a name and assigned number.  Therefore, there is little privacy concern and any concern is outweighed by Plaintiff's need for the information to prove her case.  Third, your client had these requests for thirty days.  Did it make a reasonably diligent effort to obtain the permission from the residents?  What steps did it take?  When was permission requested?  Again, this information is relevant and discoverable pursuant to Plaintiff's claims of disparate treatment, retaliation, and discrimination.  Accordingly, please supplement your client's prior answer as soon as possible.  If your client will not provide it without an Order from the Court, please let me know, so I can file a motion to compel without further delay.

4.    Interrogatory Number 4:  This interrogatory seeks all steps MUBOG took in investigating specific complaints by Plaintiff.  It asked your client to also identify any documents relevant to such investigations, and to provide the outcome of such investigations.  Then, it listed several very specific complaints made by Plaintiff.  In response, your client objected by stating that the interrogatory was "overly broad by asking for all steps taken with specificity and detail."  Then, in response to each specific complaint, your client objected by stating that it was "vague" and that it "does not state the basis of the alleged [ ] complaint nor provide any details of the same.  As such, the Defendant cannot sufficiently respond."  However, details about these complaints have been previously provided in discovery in this case and it seems like little effort was made to respond to this interrogatory.  Nevertheless, to address your client's concerns, Plaintiff provides additional information as follows:

(a)    Plaintiff's verbal complaint made to Defendant Mozaffari and Donna Webb on or about January 23, 2015, is referenced in Bates number Klug003638 and also described in Plaintiff's answer to Defendant's Interrogatory Number 14.

(b)    Plaintiff's written complaint made to Dr. Wehner and Cindy Dailey by email on or about March 19, 2015, is referenced in Bates number Klug003235.

(c)    Plaintiff's oral complaint made to Dr. Wehner and Cindy Daily on or about March 25, 2015, was a follow up to the complaints made on March 19, 2015.  Plaintiff recalls that the residents were in the surgery conference room on the 2nd floor of the surgery department.  Donna Webb came into the room and said, "Becky, Paulette, (Dr. Wehner), would like to meet with you now."  She instructed Plaintiff that Dr. Wehner would be waiting for her in a conference room at the Byrd Clinical Center.  She walked there and met with Dr. Wehner, who stated that Cindy Daily would be present to take notes.  She wanted to meet with Plaintiff regarding issues she raised in her March 19, 2015, letter that concerned her.  At this meeting, Plaintiff detailed the issues with Marco Yung and how they were handled by Dr. Mozaffarri.  Dr. Wehner expressed concern and stated that these

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
November 22, 2019
Page 3

      issues would be taken care of. She was interested in issues of resident work hours and specifically the conditions at St. Mary's. She stated that: "so this is still a major problem, and I don't know what the solution is." She also said, "sounds like it is time for a culture change." She assured Plaintiff the office would be looking into the issues and seek resolution. She also explained the appeal process to Plaintiff.

(d)    Plaintiff's written complaint made to Defendant Mozaffari and Donna Webb by email on or about June 20, 2015, is referenced in Bates number Klug003258.

(e)    Plaintiff's written complaint made to Defendant Mozaffari by email on or about February 2, 2016, is referenced in Bates number Klug000947.

(f)    Plaintiff's written complaint made to Defendant Mozaffari by text message on or about February 4, 2016, is referenced in Bates number Klug003725.

(g)    Plaintiff's written complaint made to Defendant Mozaffari, Donna Webb, Dr. Denning, Dr. Arrington, and Dr. Harrison by email on or about February 8, 2016, is referenced in Bates numbers Klug000313-314 and also described in Plaintiff's answer to Defendant's Interrogatory Number 12.

(h)    Plaintiff's written complaint made to the Office of Equity Programs on or about February 17, 2016, is referenced in Bates numbers Klug000948-951, 003334, and 003336.

      Your client did provide some information related to subparts e, f, g, and h, but, did not provide any specific dates or identify any documents related. I hope that this information provides enough information for your client to respond. Please let me know if you need further clarification.

      5.    <u>Interrogatory Number 7</u>: This interrogatory seeks the identity of any and all training completed by MUSOM, MU, and the Surgical Residency Program related to gender discrimination and/or sexual harassment from January 1, 2013 to June 30, 2016. It also asked your client to provide the name of the individual conducting the training, indicate whether the training was for employees, management, and/or both, the dates of such training, and the identity of any training materials provided. In response, your client objected by stating that the interrogatory was "overly broad" and then provided a chart "that demonstrates some of the training that was provided." As you know, Rule 26 of the Federal Rules of Civil Procedure creates a burden on the party refusing to answer discovery to demonstrate "good cause" for such refusal. Indeed, this "good cause" requirement mandates that a party make a "particular factual demonstration of potential harm, [and] not [rely] on conclusory statements." *Anderson v. Cryovac*, 805 F.2d 1, 7 (1st Cir. 1986) (citing 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §2035 at 264-65 (1970)). *See also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995) ("[b]road allegations of harm, unsupported by specific examples," do not

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
November 22, 2019
Page 4

satisfy the good cause standard); *Cipollone v. Liggett Group*, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted). The time frame is sufficiently limited and the information requested is very specific and directly related to Plaintiff's claims. Therefore, please withdraw your general and conclusory objection and supplement your client's prior answer with the information requested.

6.    Interrogatory Number 8:  This interrogatory asks your client to identify each and every policy which applied to a Surgical Resident at MUSOM from January 1, 2013 to June 30, 2016, related to job performance, promotions, ethics and conduct, disability discrimination, medical leave, sex discrimination, hostile work environment, bullying, complaint procedures, and retaliation. In response, your client simply stated "See Residency Handbook and other policies with [*sic*, "which"] have been produced to date." However, that is simply not what this interrogatory is seeking. Please review this interrogatory again and supplement.

7.    Request for Production Numbers 1 and 2:  Please supplement your client's responses to these requests as it supplements its answers to the interrogatories.

8.    Request for Production Number 3:  This request asks your client to produce a copy of MUBOG's policies regarding retaliation against employees/students/residents from January 1, 2013 to June 30, 2016. In response to this request, your client stated "[s]ee Exhibits already produced in discovery." Please direct me to the specific documents your client deems are responsive. As you know, pursuant to F.R.C.P. Rule 34(b)(2)(E), your client has an obligation to "organize and label [the documents] to correspond to the categories in the request."

9.    Request for Production Number 5:  This request seeks a copy of any and all training materials related to gender discrimination and/or sexual harassment for MUSOM, MU, and the Surgical Residency Program from January 1, 2013 to June 30, 2016, including, but not limited to the materials used, sign-in sheets, printouts, handouts, and other training materials. In response, your client stated that the "training materials are in an online format and cannot be reduced to a printable form. This Defendant is in the process of attempting to locate any physical copies of sign-in sheets, etc, but has not been successful to date." However, I cannot fathom that ALL of the training materials are in an "online format." Even if they were, how can they not be produced? Can they not be saved to a thumb drive? Compact disc? Are the handouts not available? Your client's response causes concern about whether it made a reasonably diligent effort to obtain the documents and information requested. Therefore, please confer with your client and provide the requested documents.

As noted at the outset, by sending you this detailed letter I am complying with the requirement of Rule 37 that I confer with you in an effort to resolve any and all discovery disputes prior to seeking Court action. Accordingly, *I respectfully request that you inform me of your client's intentions regarding the aforementioned matters no later than the close of business on Wednesday, November 27, 2019.*

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
November 22, 2019
Page 5

I apologize for asking for a relatively quick response time, but with the Thanksgiving holiday, the upcoming deadlines, and pursuant to Local Rule 37.1(c), our client is required to file a motion in aid of discovery, if any, within thirty days after your client's discovery responses were due. However, and again, I hope that we will be able to resolve the foregoing disputes without the need to involve the Court.

Thank you for your kind and prompt attention to this important matter. I look forward to hearing from you.

Very truly yours,

Kristina Thomas Whiteaker

KTW/arw
c:      Rebecca Klug