**Exhibit 2**



# Oxley Rich Sammons
## LAW FIRM

December 20, 2019

Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301

Re:   Rebecca Klug v. Marshall University, et al.
      USDC for the Southern District of West Virginia, Huntington Division; 3:18-cv-00711
      Claim No.: 501-566796

Dear Kris:

Please find enclosed *Defendant Marshall University Board Of Governors' Responses To Plaintiff's Third Set Of Interrogatories And Request For Production Of Documents, And First Set Of Requests For Admissions* in the above-referenced matter. The Certificate of Service was electronically filed today.

Sincerely,

Eric D. Salyers

EDS/ddw
Enclosures

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**REBECCA KLUG,**

    **Plaintiff,**

**v.**                                  **Civil Action No.: 3:18-CV-00711**
                                            **Judge Robert C. Chambers**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS,**
**and FARID B. MOZAFFARI, an individual,**

    **Defendants.**

## DEFENDANT MARSHALL UNIVERSITY BOARD OF GOVERNORS' RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST SET OF REQUESTS FOR ADMISSIONS

Defendant, Marshall University Board of Governors ("Marshall University"), by counsel, Perry W. Oxley, David E. Rich, Eric D. Salyers, and the law firm of Oxley Rich Sammons, hereby submit the following Defendant Marshall University Board of Governors' Responses to Plaintiffs' Third Set of Interrogatories and Request for Production of Documents, and First Set of Requests for Admissions, pursuant to the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

1. Please list and describe, with specificity and detail, each and every criterion upon which Defendant based its promotion in training decisions for surgical residents for PG1, PG2, and PG3 the years 2013-2016.

**ANSWER:** **Objection. The Defendant objections as it is unclear to the meaning of "promotion in training." Without waiving said objection, please see residency handbook**

1

**and other materials produced in discovery.**

2. Was Plaintiff ever placed on administrative or academic probation? If so, please provide the date(s) of such probation, the criteria for placing her on such probation, whether she was released from academic probation, and identify any documents related to such academic probation, including, but not limited to, correspondence notifying Plaintiff and/or any affiliated intuitions and written feedback from the Program Director.

**ANSWER: The Plaintiff was placed on an ABSITE remediation plan and Educational Enhancement Program for Poor Academic Performance.**

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Please produce copies of each and every document used, consulted, relied upon, identified, or referred to in answering Plaintiff's Third Set of Interrogatories and/or First Set of Requests for Admission.

**RESPONSE: See information already produced in discovery.**

2. Please produce the entire Surgical Residency file for Dr. Nathanial Seth Adkins.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**

3. To the extent not included in response to the preceding Request, please produce the following documents related to Dr. Nathanial Seth Adkins:

  (a) ABSITE Score Reports;

  (b) ACGME Milestone Evaluation Reports, including the Mid-Year and Year End Evaluations:

  (c) New Innovations Evaluation Reporting;

  (d) Documentation of Required Research Projects, including the annual Quality Improvement poster and Resident Research Project;

  (e) C3 Recommendations;

  (f) MU Surgery Resident Program Midpoint and Final Evaluations;

  (g) Any and all remediation plans;

  (h) Any and all educational enhancement plans; and

  (i) Any other documentation in the Surgical Residency file related to Dr. Nathanial Seth Adkins' performance.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**


4. Please produce the entire Surgical Residency file for Dr. Ekong Uffort.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information has already been requested and limited to complaints and/or disciplinary actions. *See* ECF 47. The only discoverable information was produced in Defendant Marshall University Board of Governors' Second Supplemental Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents on September 17, 2019.**

5. To the extent not included in response to the preceding Request, please produce the following documents related to Dr. Ekong Uffort:

    (a) ABSITE Score Reports;

    (b) ACGME Milestone Evaluation Reports, including the Mid-Year and Year End Evaluations:

    (c) New Innovations Evaluation Reporting;

    (d) Documentation of Required Research Projects, including the annual Quality Improvement poster and Resident Research Project;

    (e) C3 Recommendations;

    (f) MU Surgery Resident Program Midpoint and Final Evaluations;

    (g) Any and all remediation plans;

    (h) Any and all educational enhancement plans; and

    (i) Any other documentation in the Surgical Residency file related to Dr. Ekong Uffort's performance.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information has already been requested and limited to complaints and/or disciplinary actions. *See* ECF 47. The only discoverable information was produced in Defendant Marshall University Board of Governors' Second Supplemental Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents on September 17, 2019.**

4

6. Please produce the entire Surgical Residency file for Dr. Don Morring, Jr.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**

7. To the extent not included in response to the preceding Request, please produce the following documents related to Dr. Don Morring, Jr.:

    (a) ABSITE Score Reports;

    (b) ACGME Milestone Evaluation Reports, including the Mid-Year and Year End Evaluations:

    (c) New Innovations Evaluation Reporting;

    (d) Documentation of Required Research Projects, including the annual Quality Improvement poster and Resident Research Project;

    (e) C3 Recommendations;

    (f) MU Surgery Resident Program Midpoint and Final Evaluations;

    (g) Any and all remediation plans;

    (h) Any and all educational enhancement plans; and

    (i) Any other documentation in the Surgical Residency file related to Dr. Don Morring, Jr. performance.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**

8. Please produce the entire Surgical Residency file for Dr. Marco Yung.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information has already been requested and limited to complaints and/or disciplinary actions.** *See* **ECF 47. The only discoverable information was produced in Defendant Marshall University Board of Governors' Second Supplemental Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents on September 17, 2019.**

9. To the extent not included in response to the preceding Request, please produce the following documents related to Dr. Marco Yung:

(a) ABSITE Score Reports;

(b) ACGME Milestone Evaluation Reports, including the Mid-Year and Year End Evaluations:

(c) New Innovations Evaluation Reporting;

(d) Documentation of Required Research Projects, including the annual Quality Improvement poster and Resident Research Project;

(e) C3 Recommendations;

(f) MU Surgery Resident Program Midpoint and Final Evaluations;

(g) Any and all remediation plans;

(h) Any and all educational enhancement plans; and

(i) Any other documentation in the Surgical Residency file related to Dr. Marco Yung's performance.

**RESPONSE: Objection. The Defendant objects because the information requested therein**

6

is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information has already been requested and limited to complaints and/or disciplinary actions. *See* ECF 47. The only discoverable information was produced in Defendant Marshall University Board of Governors' Second Supplemental Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents on September 17, 2019.

10. Please produce the entire Surgical Residency file for Dr. Farzad Amiri.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**

11. To the extent not included in response to the preceding Request, please produce the following documents related to Dr. Farzad Amiri:

    (j) ABSITE Score Reports;

    (k) ACGME Milestone Evaluation Reports, including the Mid-Year and Year End Evaluations:

    (l) New Innovations Evaluation Reporting;

    (m) Documentation of Required Research Projects, including the annual Quality Improvement poster and Resident Research Project;

    (n) C3 Recommendations;

    (o) MU Surgery Resident Program Midpoint and Final Evaluations;

    (p) Any and all remediation plans;

    (q) Any and all educational enhancement plans; and

(r) Any other documentation in the Surgical Residency file related to Dr. Farzad Amiri's performance.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**

12. Please produce any and all of Dr. Farzad Amiri's residency contracts with Defendant MUBOG.

**RESPONSE: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.**

13. In regard to Plaintiff, please provide any and all remediation plans and documents reflecting periodic written feedback form the Program Director concerning remediation plans.

**RESPONSE: The information related to the Plaintiff's ABSITE remediation plan and Educational Enhancement Program for Poor Academic Performance has already been produced in discovery.**

## REQUESTS FOR ADMISSIONS

1. Please admit that the ABSITE is not required as part of the board certification process.

**RESPONSE: Objection. The Defendant objects due to the unclear meaning of "board certification process." The American Board of Surgery offers certifications in many different**

areas. Without waiving said objection, the Request is admitted in part, denied in part. The American Board of Surgery In-Training Examination (ABSITE) is designed to measure the progress attained by residents in their knowledge of applied science and management of clinical problems related to surgery. It is a formative evaluation instrument to assess residents' progress. While not explicitly apart of the board certification process, it can be in indicator of a resident's knowledge and likelihood of becoming board certified.

2.  Please admit that Don Morring, Jr., a male resident, was permitted to take a leave of absence and return to the surgical residency program, without repeating all of the training he missed.

**RESPONSE**: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.

3.  Please admit that when Don Morring, Jr. returned to work, he was permitted lighter duty for a "transitional period."

**RESPONSE**: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable. The Defendant further objects as the meaning of "lighter duty" and "transitional period" is vague and confusing.

4.  Please admit that ABSITE exams are not required for promotion in training.

**RESPONSE**: Objection. The Defendant objects as it is unclear to the meaning of "promotion

9

in training." Without waiving said objection, the Defendant denies the Request. The ABSITE is one of many factors that is considered when addressing a resident's performance.

5.    Please admit that Farzad Amiri was permitted to skip PGY2.

**RESPONSE**: Objection. The Defendant objects because the information requested therein is protected by the Family Educational Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable.

> **MARSHALL UNIVERSITY BOARD OF GOVERNORS,**
>
> **By Counsel,**
>
> s/Eric D. Salyers
> Perry W. Oxley (WVSB #7211)
> David E. Rich (WVSB #9141)
> Eric D. Salyers (WVSB #13042)
> Oxley Rich Sammons
> 517 9th Street, Suite 1000
> Huntington WV 25701
> 304-522-1138
> 304-522-9528 (fax)
> poxley@oxleylawwv.com
> drich@oxleylawwv.com
> esalyers@oxleylawwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**REBECCA KLUG,**

    **Plaintiff,**

v.                                              Civil Action No.: 3:18-CV-00711
                                               Judge Robert C. Chambers

**MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
and FARID B. MOZAFFARI, an individual,**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Marshall University Board of Governors, served the foregoing *"Defendant Marshall University Board of Governors' Responses to Plaintiff's Third Set of Interrogatories and Request for Production of Documents, and First Set of Requests for Admissions"* by electronically filing a true copy of the same with the Clerk of the Court using the CM/ECF system on this **20th** day of **December, 2019.**

                               Kristina Thomas Whiteaker
                               David L. Grubb
                               The Grubb Law Group
                               1114 Kanawha Boulevard, East
                               Charleston, WV 25301
                               *Counsel for Plaintiff, Rebecca Klug*

                               s/Eric D. Salyers
                               Perry W. Oxley (WVSB #7211)
                               David E. Rich (WVSB #9141)
                               Eric D. Salyers (WVSB # 13042)