**Exhibit 3**

# THE GRUBB LAW GROUP, PLLC

ATTORNEYS AT LAW
1114 KANAWHA BOULEVARD, EAST
CHARLESTON, WEST VIRGINIA 25301

KRISTINA THOMAS WHITEAKER
DAVID L. GRUBB

APRIL ROMACA WHITE, PARALEGAL
AMANDA MCMILLEN, LEGAL ASSISTANT

TELEPHONE 304-345-3356
FACSIMILE 304-345-3355

WWW.GRUBBLAWGROUP.COM
KWHITEAKER@GRUBBLAWGROUP.COM

Eric D. Salyers, Esquire
Oxley Rich Sammons
Post Office Box 1704
Huntington, WV 25718

January 14, 2020
*VIA FACSIMILE & U. S. MAIL*

Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
Civil Action No. 3:18-cv-00711 (Judge Chambers)

Dear Mr. Salyers:

I have reviewed Marshall University BOG's answers and responses to Plaintiff's Third set of written discovery. Unfortunately, I believe that there are numerous deficiencies. In fact, nearly every answer and response is insufficient.

My specific concerns are as follows:

1. <u>Interrogatory Number 1</u>: This interrogatory asks your client to list and describe, with specificity and detail, each and every criterion upon with it based its promotion in training decisions to for surgical residents for PG1, PG2, and PG3 for the years 2013-2016. In response, your client objected by stating that the meaning of "promotion in training" was "unclear." Then, your client referred to the "residency handbook and other materials produced in discovery." Please be advised that Plaintiff is referring to the decisions Defendant made in determining whether to promote surgical residents to the next training level, i.e., PG1 to PG2. If this clarification changes your client's answer, please supplement.

2. <u>Interrogatory Number 2</u>: This interrogatory asks for specific information if Plaintiff was ever placed on administrative or academic probation. In response, your client simply stated that "Plaintiff was placed on an ABSITE remediation plan and Educational Enhancement Program for Poor Academic Performance." However, your client failed to provide the specific information the interrogatory sought – i.e., the dates, the criteria used, if she was released, and the identity of documents. Therefore, please review this interrogatory again and supplement your client's prior answer.

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
January 14, 2020
Page 2

3. <u>Request for Production Number 1</u>: This request asks your client to produce a copy of each document used, consulted, relied upon, identified, or referred to in answering Plaintiff's Third Set of Interrogatories and/or First Request for Admission. In response, your client stated "[s]ee information already produced in discovery." However, that response in improper. Pursuant to F.R.C.P. Rule 34(b)(2)(E), your client has an obligation to "organize and label [the documents] to correspond to the categories in the request." Therefore, please identify the specific documents that correspond to your client's response to this request.

4. <u>Request for Production Numbers 2, 3, 6, 7, 10, 11, and 12, and Request for Admission Numbers 2 and 5</u>: In response to each of these requests, your client objected by stating "the information requested therein is protected by the Family Education Rights and Privacy Act of 1974. Further, the information is not relevant and not discoverable."

As I have noted several times, FERPA does not prohibit the production of relevant records in the context of Plaintiff's discrimination claims. *Doe v. Rensselaer Polytechnic Inst.*, 18-cv-1013 (MAD/DJS) (N.D.N.Y. Aug. 29, 2018). *See also Ragusa v. Malverne Union Free School Dist.*, 549 F.Supp.2d 288 (E.D.N.Y. 2008); *Craig v. Yale Univ. Sch. of Med.*, 3:10-cv-1600 (JBA) (D.Conn. May 4, 2012); *Jun Yu v. Idaho State Univ.*, 4:15-cv-00430-REB (D. Idaho Mar. 27, 2017). Plaintiff believes that the information and documents are directly relevant and necessary for her to prove her claim of discriminatory treatment. Accordingly, the benefit of producing such information and documents outweighs the individuals' privacy interests. In addition, a Protective Order was entered in this case on August 21, 2019.

In response to your client's objection that "the information is not relevant and not discoverable," Rule 26 of the Federal Rules of Civil Procedure creates a burden on the party refusing to answer discovery to demonstrate "good cause" for such refusal. Indeed, this "good cause" requirement mandates that a party make a "particular factual demonstration of potential harm, [and] not [rely] on conclusory statements." *Anderson v. Cryovac*, 805 F.2d 1, 7 (1st Cir. 1986) (citing 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §2035 at 264-65 (1970)). *See also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995) ("[b]road allegations of harm, unsupported by specific examples," do not satisfy the good cause standard); *Cipollone v. Liggett Group*, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted). The information requested is very specific and directly related to Plaintiff's claims. Therefore, please withdraw your general and conclusory objections and supplement your client's prior responses with the information requested, and either admit or deny the requests for admission.

5. <u>Request for Production Number 13</u>: This request seeks a copy of any and all remediation plans and documents reflecting periodic written feedback from the Program Director concerning remediation plans. In response, your client stated "[t]he information related to the Plaintiff's ABSITE remediation plan and Education Enhancement Program for Poor Academic Performance has already been produced in discovery." However, I was unable to locate the specific documents requested. Therefore, as noted, *supra*, and per F.R.C.P. Rule 34(b)(2)(E),

Case 3:18-cv-00711 Document 73-3 Filed 01/21/20 Page 4 of 4 PageID #: 628

Eric D. Salyers, Esquire
Re: *Rebecca Klug v. Marshall University Board of Governors and Farid B. Mozaffari*
January 14, 2020
Page 3

please direct me to the specific documents reflecting periodic written feedback from the Program Director concerning remediation plans.

      6.    <u>Request for Admission Number 3</u>: This request asks your client to admit that when Don Morring, Jr. returned to work, he was permitted lighter duty for a "transitional period." In response, your client objected due to FERPA and also stated that the phrases "lighter duty" and "transitional period" were "vague and confusing." First, please see my comments, *supra*, regarding your same arguments related to FERPA. Second, the phrases used should be given their common meaning, but to clarify any confusion, Plaintiff is asking your client to admit that it gave Dr. Morring an adjusted schedule or less duties upon his initial return.

As noted at the outset, by sending you this detailed letter I am complying with the requirement of Rule 37 that I confer with you in an effort to resolve any and all discovery disputes prior to seeking Court action. Accordingly, ***I respectfully request that you inform me of your client's intentions regarding the aforementioned matters no later than the close of business on Friday, January 17, 2020.***

I apologize for asking for a relatively quick response time, but pursuant to Local Rule 37.1(c), our client is required to file a motion in aid of discovery, if any, within thirty days after your client's discovery responses were due. However, and again, I hope that we will be able to resolve the foregoing disputes without the need to involve the Court.

Thank you for your kind and prompt attention to this important matter. I look forward to hearing from you.

                                            Very truly yours,

                                            Kristina Thomas Whiteaker

KTW/arw
c:    Rebecca Klug