IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**REBECCA KLUG,**

    **Plaintiff,**

v.                                                     Civil Action No.: 3:18-CV-00711
                                                               Judge Robert C. Chambers

**MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
and FARID B. MOZAFFARI, an individual,**

    **Defendants.**

### DEFENDANT MARSHALL UNIVERSITY
### BOARD OF GOVERNORS' MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

#### I. INTRODUCTION

The Defendant, Marshall University Board of Governors ("Marshall University"), by counsel Perry W. Oxley, David E. Rich, and Eric D. Salyers, and the law firm of Oxley Rich Sammons, PLLC, hereby moves this Court to compel Plaintiff's Responses to its Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff under Rule 37 of the Federal Rules of Civil Procedure.

#### II. STATEMENT OF FACTS

On March 19, 2020, Defendant Marshall University served its Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff. *See* ECF 85. Due to mutual delay with respect to issues relating to continuances and COVID-19, the Plaintiff served her response to Defendant Marshall University's Second Set of Interrogatories,

1

Requests for Production of Documents, and Requests for Admissions on January 29, 2021 via U.S. mail, which were received on February 2, 2021. *See* ECF 101, **ECF 118-1**. This Defendant found many of the Plaintiff's responses to be insufficient. Therefore, on February 25, 2021, the Defendant requested the Plaintiff to supplement her responses to Interrogatory No. 2 and Requests for Production Nos. 2, 6, 7, 9, 10, 18, 19, and 20. *See* **ECF 118-2**. The Plaintiff responded to this request on or about March 1, 2021, however, many of her responses are still insufficient. *See* **ECF 118-3**. As such, the Defendant hereby moves to compel responses to Interrogatory No. 2 and Requests for Production Nos. 2, 6, 7, 9, 18, 19, and 20 pursuant to *Rule 37* of the *Federal Rules of Civil Procedure.*

### III. ARGUMENT

    **A.**    **Legal Standard.**

Rule 37 of the *Federal Rules of Civil Procedure* establishes the standard to be followed when a party seeks to compel an answer to discovery. In pertinent part, Rule 37(a*)* provides:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. ***The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action***.
>
> . . .
>
> (3) Specific Motions.
>
> . . .
>
> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . .
>
> (iv) ***a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34***.

(emphasis added).

In view of liberal spirit of discovery and these rules, court should be disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote resolution. *Crowe v. Chesapeake & O. R. Co.*, 29 F.R.D. 148, 5 Fed. R. Serv. 2d (Callaghan) 586 (E.D. Mich. 1961).

Under LR Civ P 37.1, a motion to compel must be brought within 30 days after the discovery response. This motion is brought in a timely manner after the Plaintiff has attempted, by way of letter, to resolve this dispute in good faith prior to filing this motion.

**B.      Specific Requests for Which Compelled Answer is Sought.**

1.      Interrogatory No. 2

Interrogatory No. 2 stated: "Have you ever created a profile for any dating website or application? If so, please state the date you created such profile, the website or application the profile was created, and whether any romantic relationships resulted from said website or application." *See* ECF 118-1. Plaintiff objected, stating it was "harassing and seeks information that is irrelevant, portends an unreasonable invasion of Plaintiff's privacy, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure." *See* ECF 118-1.

The Defendant requested further information as to the harassing nature of the question, as the Plaintiff asked for damages for emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, inconvenience, and loss of enjoyment of life. *See* ECF 118-2, ECF 1, pg. 26. The Plaintiff responded that the request was not limited in time and that it was a fishing expedition, standing by her objections. *See* ECF 118-3.

The Defendant is willing to limit the time period to 2013 to the present. The Plaintiff filed this lawsuit against the Defendants claiming that she suffered emotional and mental distress,

humiliation, anxiety, embarrassment, depression, aggravation, annoyance, inconvenience, and loss of enjoyment of life. The Defendants are clearly entitled to discover information relating to her potential emotional and mental distress, as she claims she lost her enjoyment of life. Part of the enjoyment of life is a relationship with a significant other. As a result, this information is discoverable.

2. Request No. 2

Request for Production No. 2 stated: "Please produce a privilege log based on text messages that have been redacted and/or are missing. For example, Klug 003518-003519 goes from page 89 to page 104." *See* ECF 118-1**.** Plaintiff responded, stating "Please see Plaintiffs Privilege Log, attached hereto." *See* ECF 118-1.

The Defendant requested further information as to the texts that are missing entirely from the produced records and privilege log. *See* ECF 118-2. Additionally, the Defendant requested that the Plaintiff remove your redactions related to the "patient medical information" to the extent it does not provide personally identifiable information. *See* ECF 118-2. The Plaintiff responded that she was willing to allow undersigned counsel to inspect the text messages. *See* ECF 118-3.

If the Plaintiff is willing to allow undersigned counsel to come and expect the records, it should be just as easy to make a copy and provide the same to save the time and expense of unnecessary travel. The Plaintiff offers no explanation as to why an inspection is necessary rather than producing copies of the records. Thus, the Defendant would request copies of the records for its review.

3. Request No. 6

Request for Production No. 6 stated: "Please provide any and all communications, pictures, messages, etc. that you have had with Dr. Igor Wanko Mboumi." *See* ECF 118-1**.** Plaintiff

responded, stating "OBJECTION. This request is vague and is overly broad as it is not limited in scope, subject matter, or time frame. It also seeks irrelevant information and documents and is not reasonably calculated to lead to the discovery of admissible evidence." *See* ECF 118-1.

The Defendant explained the relevance, as Plaintiff listed him as a witness, and explained that her relationships with others has an impact on her emotional state. *See* ECF 118-2. The Plaintiff refused to provide the records. *See* ECF 118-3.

The Defendant would like to limit the time frame of the request for these communications to January 1, 2013 to the present. These communications could lead to further discoverable information regarding the Plaintiff's claim for emotional distress.

    4.    <u>Request No. 7</u>

Request for Production No. 7 stated: "Please produce any and all joint counseling records you had with your late husband, Saeed Keshavarzian." *See* ECF 118-1**.** Plaintiff responded, stating "OBJECTION. This request is harassing, vague, overly broad, seeks irrelevant information and documents, and portends an unreasonable invasion of Plaintiffs privacy and, accordingly, exceeds the scope of permissible discovery under Rule 26 of the Federal of Civil Procedure. Plaintiffs marriage counseling records are private and confidential and are not relevant to the claims or defenses in this matter." *See* ECF 118-1.

The Defendant explained the relevance, as the Plaintiff asked for damages for emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, inconvenience, and loss of enjoyment of life. *See* ECF 118-2, ECF 1, pg. 262. The Plaintiff refused to provide the records. *See* ECF 118-3.

Clearly, Plaintiff's issues she dealt without outside of work as a resident are relevant to discover her ability to handle the rigors of a surgical residency program and are directly related to her claims of emotional distress.

5. Request No. 9

Request for Production No. 9 stated: "Please produce your application to sponsor Saeed Keshavarzian as a U.S. citizen." *See* ECF 118-1**.** Plaintiff responded, stating "OBJECTION. This request is overly broad, harassing, and seeks irrelevant information and documents. It also portends an unreasonable invasion of Plaintiffs privacy and, accordingly, exceeds the scope of permissible discovery under Rule 26 of the Federal of Civil Procedure." *See* ECF 118-1.

The Defendant explained the relevance, as it could lend insight as to the burden Plaintiff carried with respect to the marriage and the nature of the relationship. *See* ECF 118-2. The Plaintiff refused to provide the records. *See* ECF 118-3.

The Defendant believes this information could lead to discoverable information regarding Plaintiff's emotional distress and her ability to handle the rigors of a surgical residency program.

6. Request No. 18

Request for Production No. 18 stated: "Please provide any and all documents regarding any insurance payment or death benefit as a result of the death of Saeed Keshavarzian." *See* ECF 118-1**.** Plaintiff responded, stating "OBJECTION. This request seeks documents that are irrelevant, and that are not reasonably calculated to lead to the discovery of admissible evidence, and, accordingly, exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure. Further, the only purpose of this request is to harass Plaintiff." *See* ECF 118-1.

The Defendant explained the relevance, as it could provide evidence relating to Plaintiff's motivation to mitigate her damages. *See* ECF 118-2. The Plaintiff refused to provide the records, citing that she provided her tax returns. *See* ECF 118-3.

If the information is in the tax returns, then there is no harm in producing the requested information.

7. Request No. 19

Request for Production No. 19 stated: "Please provide all of your cell phone records from July 1, 2013 through December 31, 2018." *See* ECF 118-1**.** Plaintiff responded, stating "OBJECTION. This request seeks documents that are irrelevant, and that are not reasonably calculated to lead to the discovery of admissible evidence, and, accordingly, exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure." *See* ECF 118-1.

The Defendant explained the relevance, as it could provide information related to Plaintiff's alleged communications with individuals while she was resident. *See* ECF 118-2. The Plaintiff said she could not locate any phone records for this time period. *See* ECF 118-3.

Because the Plaintiff could not locate any phone records, the Defendant would request a copy of the Plaintiff's phone bill so that it may subpoena the necessary information.

8. Request No. 20

Request for Production No. 20 stated: "Please provide all of your bank account records from July 1, 2013 through December 31, 2018." *See* ECF 118-1**.** Plaintiff responded, stating "OBJECTION. This request is harassing, overly broad, and seeks documents that are private and confidential. It also seek irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence, and, accordingly, exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure." *See* ECF 118-1.

The Defendant explained the relevance, as Plaintiff alleged she booked a vacation that she was ultimately not able to take, and explained that records would lend insight as to her mental status during and after her residency program. *See* ECF 118-2. The Plaintiff refused to provide the records and requested legal authority for the same. *See* ECF 118-3. In that regard, attached to this Motion is an Order from the Wayne County Circuit Court where the back records of two checking accounts were ordered to be produced in an automobile accident case. *See* ECF 118-4.

Today, with the use of credit/debit cards for nearly every transaction, bank records act as a diary that could lead to numerous amounts of discoverable information. As a result, they should be produced, in the very least, to this Court for an *in camera* review to determine the relevancy.

## IV.    CONCLUSION

**WHEREFORE**, for reasons stated herein and more fully in Defendant's Memorandum of Law in support of this Motion, the Defendant respectfully requests that this Court grant its Motion to Compel and for any other relief this Court deems appropriate.

**DEFENDANT MARSHAL UNIVERSITY BOARD OF GOVERNORS,**

**By Counsel,**

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Oxley Rich Sammons, PLLC
517 9th Street, Suite 1000
Huntington WV 25701
304-522-1138
304-522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**REBECCA KLUG,**

      **Plaintiff,**

v.                                            **Civil Action No.: 3:18-CV-00711
Judge Robert C. Chambers**

**MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
and FARID B. MOZAFFARI, an individual,**

      **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant, Marshall University Board of Governors, served the foregoing "***Defendant Marshall University Board of Governors' Memorandum of Law in Support of its Motion to Compel Discovery***" by electronically filing a true copy of the same with the Clerk of the Court using the CM/ECF system on this **4th** day of **March**, **2021**.

Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV  25301
*Counsel for Plaintiff, Rebecca Klug*

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB # 13042)

9